**Rhett STEIN, Appellant,**

v.

**H. Wayne MEACHUM, Appellee.**

**No. 05–87–00630–CV.**

Court of Appeals of Texas,
Dallas.

March 22, 1988.

H. Wayne Meachum, Dallas, pro se.

Daniel E. McDonald, Jr., Dallas, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

LAGARDE, Justice.

Appellant, Rhett Stein, appeals from a post-answer default judgment[1] for $277,-100.00, plus prejudgment and post-judgment interest and court costs, rendered against him and in favor of appellee, H. Wayne Meachum, when Stein, after having filed a general denial, failed to appear for trial in a civil assault case. Meachum brought action against Stein and three other defendants alleging that the defendants assaulted Meachum. All defendants, other than Stein, included in the case below were severed from the case by the trial court. In a sole point of error, Stein argues that, through his motion for new trial and affidavit and other evidence in support thereof, he established his right to relief from the post-answer default judgment and to a new trial. In essence, he argues that the trial court erred in overruling his motion for new trial. Because we find no merit in Stein's point of error, we affirm the judgment of the trial court.

A trial court's ruling on a motion for new trial will be disturbed only if an abuse of discretion is shown. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). The established rule in Texas for setting aside a default judgment, through a motion for new trial, is set out in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 392, 133 S.W.2d 124, 126 (1939), and recently reaffirmed in *Angelo v. Champion Restaurant Equipment Co.,* 713 S.W.2d 96 (Tex. 1986).[2]

Under *Craddock,* a default judgment should be set aside, and a new trial ordered, where: (1) the defendant's failure to answer was due to an accident or mistake, and was not intentional or the result of conscious indifference; (2) the motion for new trial sets up a meritorious defense to the plaintiff's cause of action; and (3) granting the motion for new trial will cause no delay or injury to the plaintiff. *Craddock,* 134 Tex. at 393, 133 S.W.2d at 126. *Craddock* also applies to a post-answer default judgment. *Grissom v. Watson,* 704 S.W.2d 325, 326 (Tex.1966). Thus, we must decide whether Stein has satisfied the requirements of *Craddock.*

A motion for new trial is addressed to the sound discretion of the trial court. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex. 1987). The court, as the fact-finder at a hearing on a motion for a new trial, has the duty of ascertaining the true facts surrounding the default circumstances. *See United Beef Producers, Inc. v. Lookingbill,* 528 S.W.2d 310, 312 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.). As the sole judge of the credibility of the witnesses and the weight to be given to their testimony, the trial court may choose to believe all, none or part of a witness's testimony. *Royal Zenith Corp. v. Jesse Martinez,* 695 S.W.2d 327, 330 (Tex.App.—Waco 1985, no writ), *citing Ryan v. Morgan Spear Associates, Inc.,* 546 S.W.2d 678, 685 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Further, the court

---

1. We note that in the record before us, Meachum, at trial, asserted that a default judgment was not at issue here, but rather a *"nihil dicit."* This is not a true *nihil dicit* judgment. A *nihil dicit* judgment is usually limited to situations where (1) the defendant has entered some plea, usually of a dilatory nature, but such plea has not placed the merits of the plaintiff's case in issue, or (2) the defendant has placed the merits of the case in issue by filing an answer, but such answer has been withdrawn. *Frymire Engineering Company v. Grantham,* 524 S.W.2d 680, 681 (Tex.1975). We believe the judgment before us is more properly referred to under Texas law as a post-answer default judgment. *See Mountain Corporation v. Rose,* 737 S.W.2d 22, 23–24 (Tex. App.—El Paso 1987, no writ).

2. While it might be argued that *Angelo* demonstrates a possible shift in emphasis by the Supreme Court on the proof required to set aside a default judgment, the shift, if any, is not relevant to the second prong of *Craddock* on which we decide this case, but concerns, instead, the third prong.

is not bound to accept conclusive statements of a witness or internally inconsistent explanations. *See Folsom Investments, Inc. v. Troutz,* 632 S.W.2d 872, 875 (Tex.App.—Fort Worth 1982, writ ref'd n.r. e.).

Stein argues that the trial court abused its discretion in overruling his motion for a new trial because he did not receive notice that the case was scheduled to be tried on March 2, 1987. For purposes of this opinion, we assume, but do not decide, that Stein failed to receive notice of the trial setting and that the allegations and evidence of lack of notice satisfies the first prong of *Craddock.*³

However, *Craddock* also requires that a defaulting defendant "set up" a meritorious defense in his motion for new trial. *See Craddock,* 134 Tex. at 393, 133 S.W.2d at 126; *see also Cliff,* 724 S.W.2d at 779 (although defendant provided sufficient excuse for his failure to appear at trial, he still had to meet the second prong of *Craddock* by setting up a meritorious defense).

A meritorious defense is one, which, if proved, would cause a different result upon a retrial of the case. *Harlen v. Pfeffer,* 693 S.W.2d 543, 546 (Tex.App.—San Antonio 1985, no writ). In the present case, Meachum accused Stein of civil assault. Stein filed no special exceptions to the pleadings. In Stein's affidavit in support of his motion for new trial, he states, in relevant part, as follows:

> The Plaintiff has accused me in his Petition of assaulting the Plaintiff and "inflicting upon him severe bodily pain and injury." I did not assault the Plaintiff. I did not touch the Plaintiff. I did not threaten the Plaintiff with death or severe bodily injury. I did not threaten to injure or to harm the Plaintiff's children.

If the Plaintiff suffered any physical injury because of any alleged battery, the injury was minimal.

At trial, Meachum testified that: *"At [Stein's] instruction and behest one, Joel Wayne West, hit me in the face and then hit me about the head several times with a telephone receiver."* [Emphasis Added.]

In order to meet the meritorious defense prong of *Craddock,* it is necessary for the defendant to allege *facts,* and support those facts by affidavit or other evidence, sufficient in law to constitute a defense to plaintiff's cause of action. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966). Mere *conclusory* allegations will not satisfy the meritorious defense prong of *Craddock.* *See Equinox Enterprises, Inc. et al. v. Associated Media, Inc.,* 730 S.W.2d 872, 876 (Tex. App.—Dallas 1987, no writ), *citing Dallas Heating Co. v. Pardee,* 561 S.W.2d 16, 20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r. e.), and *Boulware v. Security State Bank of Navasota,* 598 S.W.2d 687, 689 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

Here, except for Stein's *conclusory* allegation that "[he] did not assault the plaintiff," his allegations and proof only negate his *personally* having threatened or touched Meachum. Stein was on notice, from Meachum's testimony at the civil trial on March 2, 1987,⁴ that Meachum's theory of liability rested on Stein's conduct in encouraging another, under his command, to physically attack and threaten Meachum. Yet none of his allegations and none of the *facts* offered, either in his affidavit or at the hearing on his motion for new trial, negate his liability under this theory.

Where one person assists another in making an assault, both are principals and liable in damages for any injury inflicted. Anyone who commands, directs, advises, encourages, procures, controls, aids, or abets a wrongful act by another, is regard-

---

**3.** We refer to the *Craddock* requirement that a defaulting defendant must show that the *specific act of default* that forms the basis of the trial court's judgment was due to an accident or mistake and was not intentional or the result of conscious indifference. Here, the specific act of default resulting in the judgment was the failure of Stein to appear at trial, either personally or through an attorney.

**4.** We recognize that Stein did not appear at that trial; however, a record of proof adduced at that hearing was available to him.

ed by the law as being just as responsible for the wrongful act as the one who actually committed it. *Francis v. Kane,* 246 S.W.2d 279, 281 (Tex.Civ.App.—Amarillo 1951, no writ); *Grandstaff v. City of Borger,* 767 F.2d 161, 168 (5th Cir.1985), *cert. denied,* — U.S. —, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987) (applying Texas law). *See generally* Keeton, *Prosser and Keeton on Torts* 323 (5th ed. 1984).

We hold, therefore, that neither Stein's allegations in his motion for new trial, nor his affidavit attendant thereto, nor his testimony at the motion for new trial hearing, even if believed by the trial court, was sufficient to "set up" a meritorious defense to Meachum's cause of action which, at all times, was based on the theory that Stein was liable because he was present and directed and encouraged another to threaten and physically attack Meachum. Stein, therefore, failed to meet *all* the *Craddock* requirements and the trial court did not err in its denial of his motion for a new trial. Consequently, we overrule Stein's sole point of error and affirm the judgment of the trial court.