Ken GILBERT, d/b/a Tyler Armature
Works, Appellant,

v.

BROWNELL ELECTRO, Appellee.

No. 12–89–00305–CV.

Court of Appeals of Texas,
Tyler.

May 29, 1992.

J.M. (Mick) Bandy, Tyler, for appellant.

Ronnie Horsley, Tyler, for appellee.

Before RAMEY, C.J., and COLLEY and
BILL BASS, JJ.

BILL BASS, Justice.

This is an appeal from a denial of a
motion to set aside or vacate a default
judgment and to grant a new trial. Gilbert
failed to answer in the underlying lawsuit
and now claims that he was entitled to a
new trial under the test set out in *Crad-
dock v. Sunshine Bus Lines*, 134 Tex. 388,
133 S.W.2d 124, 126 (1939). We find that
the trial court did not abuse its discretion
in denying Gilbert's equitable motion for
new trial. Accordingly, we affirm the trial
court's judgment.

Appellee Brownell Electro, plain-
tiffs in the trial court, sued Gilbert, doing
business as Tyler Armature Works, in Gil-
bert's individual capacity for a debt result-
ing from the purchase of merchandise. Af-
ter Gilbert failed to answer, the trial court
granted Brownell a default judgment
against him in the amount of $9,247.28 for
the debt, and $3,082.43 in attorney's fees.
Gilbert thereafter timely filed his motion
for new trial, along with a sworn affidavit
setting out the circumstances that alleg-
edly entitled him to a new trial, and to have
the default judgment set aside. Brownell
did not file a controverting affidavit. How-

ever, the court held a hearing to determine whether it should order a new trial. The court denied the motion for new trial and made express findings of facts and conclusions of law in support of its decision. Gilbert, in his only point of error, claims that the trial court abused its discretion in denying his motion for new trial.

In *Craddock v. Sunshine Bus Lines*, the Supreme Court discussed the degree of discretion granted to trial courts in deciding motions for new trial: "[w]hile trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." *Craddock*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The court then set out the often-cited, three-pronged test:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment

[1] was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident;

[2] provided the motion for a new trial sets up a meritorious defense and

[3] is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.*

In determining whether there was intentional disregard or conscious indifference, we must look to the knowledge and acts of the defendant. *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984). Under *Craddock*, the presence of a mistake or accident negates the conscious indifference or intentional failure element of the test. *Bank One, Texas v. Moody*, 830 S.W.2d 81, 82 (Tex.1992).

Gilbert claims that he failed to answer because he mistakenly thought the lawsuit was not against him individually, but against Gilbert Walton Enterprises, Inc., the corporate entity which he serves as president. The corporation had filed for bankruptcy prior to Brownell's lawsuit against Gilbert, and therefore he believed that the lawsuit would be automatically stayed. Gilbert also insists that he failed to answer because, at the time, he was experiencing cluster headaches that had required extensive pain medication and hospitalization.

Courts are required to accept as true the uncontroverted allegations of a defendant's affidavit that negate intentional or consciously indifferent conduct. *Strackbein*, 671 S.W.2d at 38–39. The question left unresolved by *Strackbein* is how must the movant's allegations be controverted? Must the non-movant controvert with his own affidavit before being entitled to a hearing? Or may the non-movant controvert the movant's allegations in the hearing on the motion?

In our case, Brownell did not file a counter affidavit, but the trial court held a hearing on the defendant's motion. Even absent a counter-affidavit, most courts of appeals have reviewed a trial court's denial of an equitable motion for new trial by considering the evidence adduced at a motion for new trial hearing on the conscious indifference issue to see if the movant's affidavit has been controverted. *See State Farm Life Ins. Co. v. Mosharaf*, 794 S.W.2d 578, 584 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex.App.—Corpus Christi 1990, writ denied); *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Royal Zenith Corp. v. Martinez*, 695 S.W.2d 327 (Tex.App.—Waco 1985, no writ). Therefore, when the defendant's allegations are contested, the trial court must assume the role as fact-finder to determine if the defendant's conduct amounted to consciously indifferent or intentional behavior. The trial court at a motion for new trial hearing has the duty to ascertain the true facts surrounding the default circumstances. *Stein v. Meachum*, 748 S.W.2d 516, 517 (Tex.App.—Dallas 1988, no writ). The court is the sole judge of the credibility of a witness and the weight to be given to the testimony; it may choose to believe all,

none, or part of a witness' testimony. *Id.; Royal Zenith Corp.*, 695 S.W.2d at 330.

The cross-examination of Gilbert at the motion for new trial hearing disclosed facts sufficient to support the trial court's conclusion that Gilbert's failure to answer proceeded from conscious indifference and not from a mistaken belief that the suit was against the bankrupt corporation. The court took judicial notice of prior lawsuits brought against Gilbert which he also failed to answer, although the corporation had yet to file for bankruptcy. There was also evidence that, despite the cluster headaches, Gilbert was able to prepare and file documents relating to his corporation's bankruptcy proceeding. He had attended and testified at the Section 341(a) bankruptcy hearing during the same period of time that he received the citation for this underlying lawsuit.

The trial court considered all of the evidence before it and determined that Gilbert's failure to answer was a result of conscious indifference, not due to mistake or accident. We conclude that the trial court properly made its determination under the *Craddock* guidelines. The trial court did not abuse its discretion in denying Gilbert's motion for new trial.

The judgment is affirmed.