Opinion issued February 20, 2003




















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-00372-CV
____________
 
KATHERINE M. MILLIKEN, Appellant
 
V.
 
WILLIAM J. SKEPNEK, STEVENS, BRAND, GOLDEN, WINTER &
SKEPNEK, AND STEVEN M. SMOOT, Appellees
 

 
 
On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 94-058179
 

 
 
MEMORANDUM OPINION
          Appellant, Katherine Milliken, brings this appeal from the trial court’s directed
verdict in favor of appellees, attorney William J. Skepnek, the law firm of Stevens,
Brand, Golden, Winter & Skepnek, and attorney Steven M. Smoot. Milliken presents
four issues and argues that the trial court erred in (1) denying her motion for a
continuance of the trial setting, (2) granting a directed verdict on all of her claims, (3)
sustaining appellees’ objection to Milliken’s billing records, and (4) ignoring the law
of the case doctrine.
          We affirm.
Facts and Procedural Background
          In 1991, Milliken, a social worker, began providing mental health counseling
services to Michael Grigson and his family following a 1989 explosion at the Phillips
66 refinery in Pasadena, Texas, where Grigson had been employed. Milliken also
provided counseling to Carol Griffin, another worker present at the time of the
explosion.
          The Grigsons later sued Phillips and were represented in that lawsuit by their
attorney, Ronald G. McDearman.


 In 1992, McDearman contacted appellees to assist
him and ultimately take over handling the litigation. Appellees and McDearman
reached an agreement to split equally any fees recovered in the Grigson’s lawsuit
against Phillips, with one-third going to each.



          In 1993, Milliken and McDearman began a romantic relationship, which
continued into 1994. During that time period, in January 1994, McDearman signed
a letter of protection, written on his firm’s letterhead, acknowledging receipt of
Milliken’s billing statement “for unpaid services provided to the Grigsons” and
advising that “we will protect your interest for the outstanding balance from any
award received in the settlement, judgment[,] or compromise of the lawsuit in which
we represent these people.”


 Neither McDearman nor Milliken showed or sent a copy
of the letter of protection to appellees at that time.
          The Grigsons’ lawsuit against Phillips was settled in April 1994. Milliken
alleges that, at the time of the settlement, her unpaid bill totaled more than $200,000. 
However, the Grigsons did not pay the balance of Milliken’s bill which she claims
she was owed out of the settlement proceeds. Similarly, Milliken alleges that, after
Carol Griffin’s lawsuit settled in July 1994, she received no payment toward her
unpaid bill, which totaled $4,313, for counseling she provided to Griffin.
          Shortly after the settlement agreement was reached between the Grigsons and
Phillips, Milliken and McDearman met with and convinced the Grigsons to give
Milliken a check for $75,000 as a partial payment for her outstanding bill. Acting on
advice from Skepnek, the Grigsons immediately stopped payment on the check, and
Milliken subsequently sued the Grigsons and their bank. Milliken settled her claims
against the bank and later testified in an arbitration proceeding between the bank and
the Grigsons. At the conclusion of the arbitration proceeding, the arbitrator
determined that the Grigsons were entitled to a refund of the full amount of the check
from the bank and that Milliken’s “invoices and records tendered in evidence and the
testimony given at the hearing [we]re too ambiguous, inconclusive and erroneous to
establish what if anything further is owed by the Grigsons to [Milliken] for the
Services in addition to the insurance monies [Milliken] has already received.”



          In the instant proceeding, Milliken sued appellees and McDearman.


 In her
third amended petition, Milliken alleged claims against appellees and McDearman
for recovery of $221,618.24


 as the amount of her bill for the counseling services she
provided to the Grigsons and $4,313 for similar services she provided to Griffin. In
the alternative, Milliken asserted a claim for quantum meruit. Milliken also asserted
a claim for fraud against appellees and McDearman for their failure to honor the letter
of protection.
          Milliken further alleged a claim for assault and battery against Skepnek and
McDearman. Milliken alleged the assault occurred at a meeting with Skepnek and
McDearman where, after she questioned their failure to honor the letter of protection,
McDearman grabbed her, twisted her arm, choked her, called her a “white trash
bitch,” and threatened to kill her. Milliken alleged that, during this incident, Skepnek
did not intervene to stop McDearman, and later told Milliken that he and McDearman
“had to stick together.”
          Appellees answered the lawsuit and pleaded numerous affirmative defenses,
including collateral estoppel and res judicata.
          Milliken did not appear in person at trial, but testified by written deposition,
as she was at that time incarcerated in a federal detention facility in Oklahoma.


 After
the close of the evidence, the trial court granted a directed verdict in favor of
appellees on all of Milliken’s claims. The trial court later signed a take-nothing
judgment against Milliken and in favor of appellees.
Motion for Continuance
          In issue one, Milliken argues the trial court abused its discretion in denying her
oral motion for continuance of the trial setting so that she could attend in person.
          We review the trial court’s denial of a motion for continuance to determine if
the trial court abused its discretion. State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984);
Verkin v. Southwest Ctr. One, Ltd., 784 S.W.2d 92, 94 (Tex. App.—Houston [1st
Dist.] 1989, writ denied). A trial court abuses its discretion when it acts without
reference to any guiding legal rules or principles or misapplies the law to the
established facts of the case. Dyson Descendant Corp. v. Sonat Exploration Co., 861
S.W.2d 942, 950 (Tex. App.—Houston [1st Dist.] 1993, no writ).
          A motion for continuance must be sworn and in writing. Tex. R. Civ. P. 251;
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); In re T.T., 39 S.W.3d 355, 361
(Tex. App.—Houston [1st Dist.] 2001, no pet.). A trial court is not required to grant
a motion for continuance merely because a party is unable to attend trial. Humphrey
v. Ahlschlager, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ). When a
party fails to comply with the requirements of Rule 251, the trial court does not abuse
its discretion in denying the motion. In re T.T., 39 S.W.3d at 361. Here, counsel for
Milliken made an oral motion for continuance, unsupported by affidavit or sworn
testimony, to which counsel for appellees objected. Thus, Milliken did not comply
with the requirements of Rule 251.
          Moreover, counsel for Milliken did not present evidence of diligence in
attempting to facilitate her attendance. See Humphrey, 778 S.W.2d at 483. The
record indicates that trial of this case began in February 2001. On the record, counsel
for Milliken conceded that, although Milliken had been incarcerated in a federal
facility in November 2000, no attempt had been made to obtain a bench warrant from
a federal district court to secure Milliken’s appearance at trial. Therefore, we
conclude counsel for Milliken did not demonstrate diligence in attempting to arrange
to have Milliken present for trial.
          Accordingly, we hold that the trial court did not abuse its discretion in denying
Milliken’s motion for continuance.
          We overrule Milliken’s first issue.
Exclusion of Billing Records
          In issue three, Milliken argues, without citation to any authority, that the trial
court erred in sustaining appellees’ objection to the introduction into evidence of her
billing records. We review the trial court’s decision to exclude evidence under an
abuse of discretion standard. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753
(Tex. 1995).
          Counsel for Milliken read excerpts from Milliken’s sworn deposition into the
record at trial and then offered Milliken’s billing records into evidence. Appellees
objected to the admission of the records on the grounds that the billing records
constituted hearsay and that the amounts charged and services rendered, as reflected
in the bills, had not been shown to be “reasonable and necessary.”
          In her deposition, Milliken testified about her records. However, the excerpts
of her deposition testimony presented at trial did not prove that the billing records for
the mental health counseling she provided to the Grigsons or Griffin were admissible
business records. See Tex. R. Evid. 902(10). Nor were the amounts charged and the
services rendered, as reflected in the bills, shown to have been reasonable and
necessary “at the time and place that the service[s] were provided.” Tex. Civ. Prac.
& Rem. Code Ann. § 18.002 (Vernon 1997).
          Further, although Milliken argues that the trial court erred in sustaining
appellees’ objection to the admission of her billing records, she does not provide any
citation to the more than 200 pages of her testimony in the reporter’s record to
support her contention that her billing records were admissible.
          Accordingly, we hold the trial court did not err in sustaining appellees’
objection to Milliken’s billing records and refusing to admit them into evidence. We
overrule Milliken’s third issue.
Directed Verdict
          In issue two, Milliken argues that the trial court erred in granting a directed
verdict in favor of appellees on all of her claims.
Standard of Review
          We review the grant of a directed verdict in the light most favorable to the
party against whom the verdict was rendered, and we disregard all contrary evidence
and inferences. Qantel Bus. Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 303
(Tex. 1988); Smith v. Aqua-Flo, Inc., 23 S.W.3d 473, 476 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied). The movant is entitled to a directed verdict when (1) a
defect in the opponent’s pleading makes it insufficient to support a judgment; (2) the
evidence conclusively proves the truth of factual propositions that, under the
substantive law, establish the right of the movant to judgment; or (3) the evidence is
legally insufficient to raise an issue of fact on a proposition that must be established
for the movant’s opponent to be entitled to judgment. Neller v. Kirschke, 922 S.W.2d
182, 187 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Here, the trial court
granted the motion for directed verdict without stating the specific grounds on which
it was relying. Thus, the verdict must be upheld if any of the grounds stated in the
motion are meritorious. See Prather v. Brandt, 981 S.W.2d 801, 805 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied).
          We apply this standard of review to each of Milliken’s causes of action.
Action to Enforce “Guarantee”
          In her third amended petition, Milliken alleged that, as a result of the January
1994 letter of protection, appellees were liable to her for the amount of her unpaid
bills for the counseling services she provided for the Grigsons and Carol Griffin. She
characterizes these claims as a suit on a “guarantee.”
          Appellees contend that, with respect to her claims to recover her unpaid fees
for services provided to the Grigsons, Milliken’s claims are barred by collateral
estoppel, as a result of the previous arbitration and federal court proceedings.
          Collateral estoppel, or issue preclusion, prevents a party from re-litigating a
particular fact issue the party has already litigated and lost in an earlier suit. Quinney
Elec., Inc. v. Kondos Entm’t, Inc., 988 S.W.2d 212, 213 (Tex. 1999). The doctrine
of collateral estoppel is designed to promote judicial efficiency, protect parties from
multiple lawsuits, and prevent inconsistent judgments by precluding the re-litigation
of issues. Sysco Food Serv., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994). A
party seeking to assert the bar of collateral estoppel must establish that (1) the facts
sought to be litigated in the second action were fully and fairly litigated in the first
action, (2) those facts were essential to the judgment in the first action, and (3) the
parties were cast as adversaries in the first action. Id.
          In the federal lawsuit filed by Milliken against the Grigsons to recover the
unpaid portion of her bill, the federal district court granted summary judgment in
favor of the Grigsons on Milliken’s claims on the grounds of collateral estoppel. See
Milliken, 986 F. Supp. at 433. The district court held that “the issue of whether [the
Grigsons] owe [Milliken] any further remuneration for her services has already been
decided in such a manner as to preclude relitigation in this forum.” Id. at 431. The
district court found that, at the arbitration proceeding between the Grigsons and their
bank, (1) the issue of Milliken’s outstanding fees was litigated, (2) Milliken had the
opportunity to “fully and fairly air all of the evidence before the arbitrator” and had
testified for two days, and (3) there was privity between Milliken and the Grigsons’
bank, to whom Milliken has assigned her claims against the Grigsons. Id. at 431-32. 
At the conclusion of the proceeding, the arbitrator determined that Milliken’s
“invoices and records tendered in evidence and the testimony given at the hearing
[we]re too ambiguous, inconclusive and erroneous to establish what if anything
further is owed by the Grigsons to [Milliken] for the Services in addition to the
insurance monies [Milliken] has already received.” Id. at 428. As noted above, the
district court concluded that Milliken’s claims against the Grigsons were barred by
collateral estoppel. Id. at 433.
          We agree. Texas law favors arbitration. Brazoria County v. Knutson, 176
S.W.2d 740, 743 (Tex. 1943). A court may set aside an arbitration award “only if the
decision is tainted with fraud, misconduct, or gross mistake as would imply bad faith
and failure to exercise honest judgment.” Teleometrics Int’l, Inc. v. Hall, 922 S.W.2d
189, 193 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Because arbitration is
favored as a means of dispute resolution, courts must indulge every reasonable
presumption in favor of upholding the award. Id.
          Moreover, an arbitration award has the same effect as a judgment of a court of
last resort. City of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 518 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). Every reasonable presumption must
be indulged to uphold the arbitrator’s decision, and none is indulged against it. Id. 
In the absence of a statutory or common law ground to vacate or modify an arbitration
award, a reviewing court lacks jurisdiction to review other complaints, including the
sufficiency of the evidence to support the award. J.J. Gregory Gourmet Servs., Inc.
v. Antone’s Import Co., 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no
writ).
          Here, the parties do not dispute that the arbitrator’s decision fully and finally
resolved all of Milliken’s claims for non-payment against the Grigsons. Because the
arbitrator determined that the Grigson’s did not owe Milliken any fees in addition to
whatever she had already been paid, Milliken is collaterally estopped from now
attempting to collect those same fees from appellees.



          With regard to Milliken’s claim for recovery of her fees for counseling services
provided to Carol Griffin, the record contains no letter of protection or other evidence
supporting her contention that appellees agreed to guarantee recovery of her fees for
services provided to Griffin.
          Accordingly, we hold the trial court did not commit error in granting appellees’
motion for directed verdict on Milliken’s claims based on the alleged “guarantee” of
her fees.
Fraud
          Milliken brought a cause of action against appellees for fraud, seeking recovery
of the amount of her unpaid bills and exemplary damages, based on appellees’ alleged
“material misrepresentations” concerning their intention to pay her for her services
rendered to the Grigsons and Griffin. In her brief, and without reference to any
portions of the record, Milliken contends that the trial court erred in granting a
directed verdict on her fraud claim because the evidence presented at trial supported
all the elements of her cause of action.
          As a general rule, mere failure to perform the terms of a contract constitutes a
breach of contract, not a tort. Crim Truck & Tractor Co. v. Navistar Int’l Transp.
Corp., 823 S.W.2d 591, 597 (Tex. 1992). However, a promise to do an act in the
future may be actionable fraud when made with the intention, design and purpose of
deceiving, and with no intention of performing the act. Spoljaric v. Percival Tours,
Inc., 708 S.W.2d 432, 434 (Tex. 1986).
          At trial, Milliken argued that the January 1994 letter of protection, coupled
with appellees’ failure to pay the unpaid portions of her bills, constituted evidence
sufficient to raise a fact question on her claim of fraud. We disagree. The record
contains no evidence that appellees made any representations to Milliken in
McDearman’s January 1994 letter of protection, or that appellees saw or were aware
of the letter until after the Grigsons’ lawsuit against Phillips was settled at mediation. 
Further, assuming the letter of protection was binding on appellees, there was no
evidence presented at trial that the representations in the letter were made for the
purpose of deceiving Milliken and with no intention of performance. Similarly, with
regard to the services Milliken performed for Griffin, the record contains no evidence
that appellees made representations to Milliken regarding her bill for the purpose of
deceiving her and with no intention of performance.
          We hold the trial court did not err in granting appellees’ motion for directed
verdict on Milliken’s fraud claim.
Quantum Meruit
          As an alternative ground for recovery, Milliken asserted a cause of action in her
third amended petition for quantum meruit.
          The elements of a quantum meruit claim include proof of (1) valuable services
that were rendered or materials furnished, (2) for the person sought to be charged, (3)
which services and materials were accepted by the person sought to be charged, used,
and enjoyed by him, (4) under such circumstances as reasonably notified the person
sought to be charged that the plaintiff in performing such services was expecting to
be paid by the person sought to be charged. Bashara v. Baptist Mem’l Hosp. Sys.,
685 S.W.2d 307, 310 (Tex. 1985).
          Here, the parties do not dispute that Milliken’s mental health counseling
services were rendered to the Grigsons and Carol Griffin, not appellees. Thus,
Milliken cannot recover payment for those services from appellees under a theory of
quantum meruit. Id.
          Milliken also contends that she provided “valuable material and services” to
appellees, in the form of consultations, to assist them in the trial preparation of the
Grigsons’ and Griffin’s lawsuits. Milliken asserted that these conferences took place
at a condominium where she periodically stayed with McDearman and where
Skepnek and McDearman often met to discuss the cases. At trial, Milliken estimated
her fee for such conferences was $3,900. However, there was no evidence presented
at trial to indicate that Milliken, who was for some time involved romantically with
McDearman, informed appellees that she expected payment for such conferences.
          We hold the trial court did not err in granting appellees’ motion for directed
verdict on Milliken’s claim for quantum meruit.
Assault and Battery
          Milliken also brought a cause of action for assault and battery against Skepnek
and his law firm arising from an incident in which she alleged that McDearman
physically assaulted her in Skepnek’s presence.


 Milliken alleged that, during this
incident, Skepnek did not intervene to stop McDearman, and shortly thereafter told
Milliken that he and McDearman “had to stick together.” At trial, Skepnek denied
the incident ever occurred.
          Milliken relies on Stein v. Meachum, 748 S.W.2d 516 (Tex. App.—Dallas
1988, no writ) for the proposition that Skepnek may be held liable for the assault. In
Stein, the court held that “anyone who commands, directs, advises, encourages,
procures, controls, aids, or abets a wrongful act by another, is regarded by the law as
being just as responsible for the wrongful act as the one who actually committed it.” 
Id. at 518-19. In that case, the court held that the defendant, by simply denying that
he had personally assaulted the plaintiff, had not established a meritorious defense to
the plaintiff’s claims that the defendant had directed a third party to assault the
plaintiff. Id. at 519.
          Stein is distinguishable because here, unlike the defendant in Stein, Skepnek
denied that he was present during the alleged assault. When questioned whether she
thought Skepnek could have done anything to prevent the assault, Milliken
responded, “I really don’t know.” Moreover, taking Milliken’s version of the event
as true, as we are required to do, we conclude that Skepnek’s alleged statement, after
the fact, that he and McDearman “had to stick together” did not constitute evidence
sufficient to raise a fact question that Skepnek “command[ed] direct[ed], advise[d],
encourage[d], procure[d], control[led], aid[ed], or abet[ted]” McDearman in
assaulting Milliken. Id. at 518-19.
          We hold the trial court did not err in granting appellees’ motion for directed
verdict on Milliken’s claim against Skepnek and his law firm for assault and battery.
          Accordingly, we overrule Milliken’s second issue.
 
Law of the Case
          In her fourth issue, Milliken argues that the trial court erred in granting
appellees’ motion for directed verdict on all of her claims because the trial court
could not properly do so without violating the “law of the case” doctrine.
          Under the “law of the case” doctrine, a decision of a court of last resort on a
question of law will govern a case throughout its subsequent stages. Hudson v.
Wakefield, 711 S.W.2d 628, 630 (Tex. 1986); Harris County v. Walsweer, 930
S.W.2d 659, 663-64 (Tex. App.—Houston [1st Dist.] 1996, no writ).
          Milliken contends that a previous decision by another court of appeals
reversing the trial court’s prior rendition of summary judgment in favor of appellees
prohibited the trial court from, after considering the evidence presented at trial,
granting a directed verdict on Milliken’s claims.


 Without reference to the record,
Milliken asserts that “[n]othing has changed concerning the existence of genuine
issues of material fact that preclude a summary decision.”
          Contrary, to Milliken’s contention, we conclude the law of the case doctrine
does not apply. A decision by an intermediate court of appeals that a party has not
shown it is entitled to judgment as a matter of law at one stage of a proceeding does
not mean that such party may never subsequently be entitled to judgment as a matter
of law, upon proper proof, in the same proceeding. See Tex. R. Civ. P. 166a(b) (“A
party against whom a claim . . . is asserted . . . may, at any time, move . . . for a
summary judgment in his favor as to all or any part thereof.”) (emphasis added).
          Further, the record indicates that, at trial, the trial court was presented with
more developed and substantially different legal theories and evidence than was
presented by appellees in their motion for summary judgment. For example, in lieu
of affidavits, the trial court was able to consider the extensive live and deposition
testimony of the parties. In addition, at the time the court of appeals considered this
matter, appellees apparently did not argue that Milliken’s claims were barred by
collateral estoppel. See Milliken, slip op. at 1.
          Accordingly, because the evidence and legal theories advanced by the parties
at trial were substantially different from that presented at the time of the consideration
of appellees’ motion for summary judgment, we conclude the trial court was not
prevented from considering and granting appellees’ motion for directed verdict by the
law of the case doctrine.
          We overrule Milliken’s fourth issue.
 

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.