**Opinion issued June 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01087-CV

———————————

**JZAVELA-ARETHEA KAY-DIU DOUGHERTY-WILLIAMS, Appellant**

**V.**

**MICHAEL  STEVEN  DOUGHERTY, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-02545**

---

## MEMORANDUM OPINION

Appellant Dougherty-Williams appeals the underlying default divorce judgment, seeking a new trial.  We affirm.

## BACKGROUND

Appellee Dougherty filed for divorce on January 15, 2013, and Dougherty-Williams answered through her attorney on February 1, 2013. In April 2013, Dougherty-Williams's attorney withdrew from representation, and Dougherty-Williams continued pro se. Dougherty-Williams did not appear at the August 26, 2013 trial, resulting in a default judgment in favor of Dougherty that was signed on September 10, 2013.

On September 13, 2013, Dougherty-Williams filed a "Motion to Set Aside Default Judgment" and, on October 9, 2013, a "Motion for New Trial." Following a November 7, 2013 evidentiary hearing, the associate judge denied Dougherty-Williams's motions. The presiding judge then held another evidentiary hearing on December 4, 2013, and then again denied Dougherty-Williams's motions. Dougherty-Williams appeals the default judgment and the denial of her request for a new trial.

## ISSUES ON APPEAL

On appeal, Williams raises three issues:

1. "The trial court erred in granting [Dougherty's] divorce petition by default as [Dougherty-Williams] did not receive notice of the trial on the merits."

2. "[Dougherty-Williams] did not have an opportunity to be heard concerning the division of community property, consequently, the division of community property was grossly unjust and inequitable."

2

3. "The trial court erred in denying [Dougherty-Williams]'s motion for new trial giv[en] the attending facts."

## POST-ANSWER DEFAULT

At the beginning of the August 26, 2013 trial, the trial court announced that it was taking judicial notice that (1) Dougherty-Williams made a general appearance and was represented by counsel until April 26, 2013, (2) Dougherty-Williams was sent a scheduling order and notice indicating that trial was set for August 26, 2013, and (3) the scheduling order and notice were mailed to "2534 Splintwood Court, Kingwood, Texas 77345," which was the address listed on Dougherty-Williams's attorney's motion to withdraw.

Dougherty testified at trial that (1) he and his family had been domiciled in Harris County for more than six months, (2) his marriage had become unsupportable, (3) his wife was not currently pregnant, and (4) the only child of the marriage is 18 years old and attends Kingwood College. Dougherty testified that the Splintwood Court home was Dougherty-Williams's last known address. Dougherty's inventory and proposed property division were entered into evidence. He proposed awarding to Dougherty-Williams' seventy-five percent of the net proceeds from the sale of their home and dividing various assets, retirement accounts, and bank accounts between them. At the close of the evidence, the trial court granted the divorce and adopted Dougherty's proposed property division.

3

The final decree awarded to Dougherty approximately 52% of the total community estate and awarded to Dougherty-Williams approximately 48% of the total community estate.

In her first issue, Williams argues that "the trial court erred in granting [Dougherty]'s divorce petition by default judgment as [Dougherty-Williams] did not receive notice of the trial on the merits." Specifically, Dougherty-Williams argues that she failed to appear at trial because Dougherty had forwarded all the mail from their home, i.e., the Splintwood Court house, to a post-office box to which she did not have access. Finally, she argues that default judgment was improper because Dougherty did not introduce evidence in support of his petition.

Dougherty responds that Dougherty-Williams had "actual or constructive notice of the trial date" and "disputes the unfounded and baseless allegation concerning the alleged forwarding of [Dougherty-Williams]'s mail." He argues that "the trial court acted properly given the evidence and testimony before the court."

A defendant who has made an appearance in a cause is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989). A defendant who does not receive notice of a post-answer default judgment proceeding is deprived of due process. *Id.*

"Notice of a trial setting does not always appear in the clerk's record and need not affirmatively appear in the record as a whole." *In re Marriage of Parker*, 20 S.W.3d 812, 816 (Tex. App.—Texarkana, 2000, no pet.). The law presumes that a trial court will hear a case only after giving proper notice to the parties. *Tex. Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 812–13 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Here, nothing in the trial record rebuts that presumption, and there is affirmative evidence that notice of the trial setting was sent to Dougherty-Williams at her current address.

In support of her argument that default judgment should not have been granted because she did not receive notice of the trial setting, Dougherty-Williams does not point to any evidence from the trial record contradicting the evidence that notice was provided.[1] Rather, she offers only her contention that "if this case is remanded she possess[es] and will show unto the trial court letters from the post office supporting and buttressing" her contention that Dougherty forwarded her mail without her knowledge. But the rules of appellate procedure require appellant's brief to contain "a clear and concise argument for the contentions

---

[1] In arguing that the default judgment was improper, she does cite evidence from the motion-for-new-trial hearing, which we discuss in addressing her argument that the trial court erred by denying her motion for new trial. But that evidence is not properly considered in determining whether the trial court erred in granting a default judgment in the first instance after finding that Dougherty-Williams was properly provided notice of trial, because the new-trial evidence was not before the trial court when it granted the default judgment.

made, with appropriate citations to . . . the record." TEX. R. APP. P. 38.1(i). Because the record from trial affirmatively demonstrates that Dougherty-Williams was provided notice of the trial setting and nothing in the actual record supports Dougherty-William's argument otherwise, we reject her argument that the trial court erred in entering a default judgment because notice was allegedly defective.

Dougherty-Williams's argument that the default divorce was improper because Dougherty did not introduce evidence in support of his petition is likewise not supported by the actual trial record. Dougherty testified in support of his petition for divorce, and the court admitted into evidence his sworn inventory and proposed property division, which Dougherty testified was "just and right, fair and equitable." Dougherty-Williams does not complain of any specific deficiency in his testimony or evidence.

We overrule Dougherty-Williams's first issue.

## JUST AND RIGHT DIVISION

In her second issue, Dougherty-Williams argues that, because she "did not have an opportunity to be heard concerning the division of community property, . . . a just and right division of community property of the parties was not made by the trial court." Specifically, she contends that she was entitled to spousal support because "the parties were married for over 10 years" and that, although their son is over the age of 18, he "requires substantial care because of a disability and [she]

6

presently lacks earning capacity adequate to provide support for [his] minimum reasonable needs."

Dougherty responds that the trial court's division of property was within the court's discretion. Specifically, he notes that the trial court had before it a complete inventory of the community's assets and liabilities, and that Dougherty testified that his proposed division was "just and right, fair and equitable." Finally, he argues that Dougherty-Williams's assertion that she was entitled to child support for their adult child is not supported by any evidence before the trial court, and does not speak to whether the property division was just and right.

The standard of review for property division issues in family law cases is abuse of discretion. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). "A default judgment . . . will not stand without affirmative proof to support it." *Wilson v. Wilson*, 132 S.W.3d 533, 539 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Dougherty-Williams does not, however, challenge the sufficiency of the evidence presented in support of the trial court's division of property; nor does she contend that the division was inequitable on the evidence presented. Rather, her only argument is that she was not given an opportunity to be heard as to other evidence that could have supported a different division. Given our holding that the record established she was properly given notice and, thus, an opportunity to be

7

heard, her argument that a just and right division was not made because she was deprived of an opportunity to be heard also fails.

We overrule Dougherty-Williams's second issue.

## MOTION FOR NEW TRIAL

On September 13, 2013, Dougherty-Williams filed a Motion to Set Aside Default Judgment in which she stated that her "failure to appear on the trial date was the result of lack of notice of trial," and that she "was pro-se and relied to her detriment on the fact that she thought her husband, Petitioner[,] or his attorney would notify her of a trial setting." She attached an affidavit averring that she was not aware of the setting and that, although Dougherty had called her several times over the summer, he never mentioned the trial setting.

On October 9, 2013, Doughtry-Williams filed a Motion for New Trial stating that (1) she did not have notice of the trial setting; (2) her attorney had withdrawn before trial and her attorney's motion to withdraw did not mention a trial setting; (3) she did not receive the certified mail notices of the trial setting; (4) her failure to appear was not intentional or the result of conscience indifference; (5) had she had notice, she would have appeared as she did for all hearings prior to trial; (6) she had a meritorious defense because she would have introduced evidence that she was a stay-at-home mother raising the parties' special needs

8

child, and a student who has not worked in the past 25 years; and (7) a new trial would not injure Dougherty.

Two hearings were held. An associate judge held the first hearing on November 7, 2013, and both Dougherty-Williams and Dougherty testified. Dougherty-Williams testified that she was not aware of the trial setting, that she was not represented by counsel, and that she did not receive any correspondence about the trial date from the court, Dougherty, or Dougherty's attorney. According to Dougherty-Williams, she first learned of the trial date after it has passed from the new attorney she hired. Finally, she stated that she believed that the trial court's division would have been different if it had heard evidence that she would have presented. On cross-examination, she verified that her Splintwood Court address was correct on numerous pieces of certified-mail that were stamped "unclaimed."

Dougherty testified that Dougherty-Williams's testimony that he never told her about the trial date was not accurate. He testified that he told her about the trial date on at least two occasions, once in May and once around June.

The following exhibits were also introduced at the hearing:

- June 19, 2013 letter from Dougherty's attorney—which states it was sent via both certified and regular mail—addressed to Dougherty-Williams at her Splintwood Court home address, enclosing discovery requests,

- certified mail envelope, postmarked June 26, 2013, addressed to Dougherty-Williams at her Splintwood Court home address, marked "unclaimed" and "return to sender,"

- July 19, 2013 letter from Dougherty's attorney—which states it was sent via both certified and regular mail—addressed to Dougherty-Williams at her Splintwood Court home address, notifying her about the August 26, 2013 trial date and time, and requesting that Dougherty-Williams contact him about selecting a mediator,

- certified mail envelope, postmarked July 19, 2013, addressed to Dougherty-Williams at her Splintwood Court home address, marked "unclaimed" and "return to sender,"

- July 23, 2013 letter from Dougherty's attorney—which states it was sent via both certified and regular mail—addressed to Dougherty-Williams at her Splintwood Court home address enclosing Dougherty's Inventory and Appraisement, and reminding Williams that there is an August 26, 2013 trial date and that they need to select a mediator,

- certified mail envelope, postmarked July 23, 2013, addressed to Dougherty-Williams at her Splintwood Court home address, marked "unclaimed" and "return to sender,"

- August 2, 2013 letter from Dougherty's attorney—which states it was sent via both certified and regular mail—addressed to Dougherty-Williams at her Splintwood Court home address enclosing Dougherty's Proposed Division of Property,

- certified mail envelope, postmarked August 5, 2013, addressed to Dougherty-Williams at her Splintwood Court home address, marked "unclaimed" and "return to sender."

At the close of the evidence, the associate judge denied Dougherty-Williams's request to set aside the default judgment.

On December 4, 2013, the presiding judge held a de novo hearing on Dougherty-Williams's request for a new trial. Dougherty-Williams again testified

10

that she did not have actual notice of the trial date and that she attended every hearing about which she had notice.

Dougherty-Williams also testified that she had trouble receiving mail at her house, with some items taking two to four months to be delivered, and some never arriving. She stated that she did not receive mail for the summer and that she went to the post office almost every day to complain about her lost mail. She verified that each exhibit introduced at the November hearing was properly addressed to her, but stated that she had never seen any of the correspondence and had never received a notice from the post office about having certified mail to pick up. Each of the exhibits from the November hearing was again admitted into evidence.

Dougherty-Williams's next-door neighbor testified that she had in the past received other people's mail at her house, including the Doughertys' mail, and that—when she receives her neighbors' mail by mistake—she delivers the mail to the correct person.

Dougherty again testified that he verbally notified Dougherty-Williams at least twice about the trial date. He testified to recalling only one occasion when they had trouble with their mail service before he moved out of the Splintwood Court home in December of 2012. At the close of the hearing, the trial court denied Williams's request for a new trial.

In her third issue, Dougherty-Williams argues that the trial court erred in denying her request for a new trial. Specifically, she contends that "neither [Dougherty] nor his counsel was able to prove that [Dougherty-Williams] received notice of the trial" and that a new trial should have been granted in the interest of justice because Dougherty forwarded all their mail to a post office box that she could not access.

Dougherty responds that the trial court's denial of Dougherty-Williams's motion was within its discretion because the trial court was the fact-finder and sole judge of the evidence and credibility. Given Dougherty's testimony that he provided Dougherty-Williams with actual notice, and the evidence supporting the inference that Dougherty-Williams was engaged in selective acceptance of the certified mail related to this case, he contends that it was within the trial court's discretion to conclude that Dougherty-Williams had received actual or constructive notice of the trial setting.

We agree with Dougherty. The disposition of a motion for new trial is within the trial court's sound discretion; we will not disturb the court's ruling absent an abuse of that discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion if it acts in an

unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).[2]

"When the evidence presented by the defaulting party is controverted by the opposing side, it is the duty of the court, as the fact finder at a hearing on motion for new trial, to ascertain the true facts surrounding the default circumstances." *Harmon Truck Lines, Inc. v .Steele*, 836 S.W.2d 262, 265 (Tex. App.—Texarkana 1992, writ dism'd). The court, as the fact-finder at the hearing, is "the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Stein v. Meachum*, 748 S.W.2d 516, 518 (Tex. App.—Dallas 1988, no writ).

Here, the trial court was faced with two directly contradictory contentions, i.e., Dougherty's assertion that he told Dougherty-Williams about the trial setting more than once and Dougherty-Williams's insistence that Dougherty did not tell her about the trial setting. It was squarely within the trial court's providence to assess which testimony was credible.

---

[2]    Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements of the *Craddock* test, i.e., (1) the defaulting party's failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (Tex. 1939). We have held, though, that if a defaulting party establishes no reasonable notice of a trial setting, it need not establish the second and third prongs of *Craddock*. *Mahand v. Delaney*, 60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

The trial court also noted, at the close of the December hearing, that the court sent Dougherty-Williams notice of the trial setting by regular mail, which was not returned, and that Dougherty's attorney also sent numerous certified notices that were all unclaimed at the post office. Each of these notices from Dougherty's attorney was also sent by regular mail, which was not returned. Although Dougherty-Williams testified at the December hearing that much of her mail was not delivered over the summer, she made no mention of problems with mail service during her testimony at the November hearing.

The trial court could have also found Dougherty-Williams's testimony that she never received notice from the post office about her numerous pieces of certified mail not credible, given that she later testified that she constantly, over the course of the summer, inquired in person about her mail at the post office. *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 189 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Constructive notice may be established if the serving party demonstrates compliance with Rule 21a and presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case.").

Because Dougherty-Williams has not demonstrated that the trial court abused its discretion in denying her motion for new trial, we overrule her third issue.

# CONCLUSION

We affirm the trial court's judgment.


                                        Sherry Radack
                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.