AFFIRM; Opinion Filed February March 1, 2013.



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-11-01647-CV

**CHRISTOPHER UTZ; EVANS ENVIRONMENTAL CONTRACTING, LLC; UTZ ENVIRONMENTAL SERVICES OF DALLAS, LLC; AND UTZ ENVIRONMENTAL SERVICES OF AUSTIN, INC., Appellants**

**V.**

**DUFFY MCKENZIE, Appellee**

On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-11-08418

## OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

This appeal arises from a default judgment rendered by the trial court in favor of appellee

Duffy McKenzie against appellants Christopher Utz; Evans Environmental Contracting, L.L.C.;

Utz Environmental Services of Dallas, L.L.C.; and Utz Environmental Services of Austin, Inc.

Appellants filed a motion for new trial, which the trial court denied. Additionally, the trial court

denied appellants' subsequent motion to reconsider their motion for new trial.

In two issues on appeal, appellants contend the trial court abused its discretion by

denying their motion for new trial and motion to reconsider. Further, appellants have filed a

motion in this Court for sanctions against McKenzie's counsel for alleged misrepresentations in

McKenzie's appellate brief. We decide appellants' two issues against them and deny appellants' motion for sanctions. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his petition, which was filed on July 11, 2011, McKenzie asserted he had been employed by appellants and was seeking to recover payment for his work. On August 17, 2011, each appellant was served with citation and a copy of the petition.

On September 13, 2011, McKenzie filed a motion for partial default judgment in which he sought a default judgment as to liability. He contended a default judgment was proper because "the deadline for Defendants to file an answer or other pleading has passed and the citation and proof of service have been on file with this Court for at least ten days." The trial court rendered judgment in favor of McKenzie as to liability in an order dated September 14, 2011. Subsequently, McKenzie filed a motion for final default judgment. The trial court signed a "Final Judgment" in favor of McKenzie dated September 21, 2011, and awarded him $33,933.20 in damages and attorney's fees, plus post-judgment interest and additional amounts in the event of unsuccessful appeals by appellants.

Appellants filed a "Motion to Set Aside Default Judgment and Motion for New Trial" on October 21, 2011 (the "motion for new trial"). Appellants stated in part that their failure to answer was "due to a mistaken belief that both parties were interested in and actively pursuing a settlement of the Plaintiff's claims." Additionally, appellants asserted their failure to answer was "unintentional, accidental, and not a result of conscious indifference." Attached to appellants' motion was an October 21, 2011 affidavit of Christopher Utz. In his affidavit, Utz stated, in part, (1) he was appearing on behalf of himself and the three other appellants described above and (2) on August 17, 2011, he "called attorney Thomas Urquidez, counsel for Plaintiff, regarding this suit filed against me and my companies" and "indicated" to Urquidez that he was "interested in

2

pursuing settlement negotiations." According to Utz, "Mr. Urquidez indicated that he would consult with his clients and get back to me," but Utz "never heard from Mr. Urquidez again." Utz stated, "I was not aware that the litigation was proceeding without my involvement. I was under the impression that attorney Thomas Urquidez would contact me regarding further settlement negotiations."

McKenzie filed a response to appellants' motion for new trial on November 9, 2011. McKenzie argued, *inter alia*, that appellants "cannot show their failure to answer was not intentional or the result of conscious indifference" and therefore cannot satisfy the standard for granting a new trial. Attached as an exhibit to McKenzie's response was an affidavit of Urquidez in which he testified he (1) is McKenzie's attorney in this case, (2) "never spoke with Christopher Utz in this case," and (3) "never represented to Christopher Utz that we were engaging in settlement discussions in this case."

Appellants filed a reply to McKenzie's response on November 11, 2011. In their reply, appellants asserted that in addition to speaking with Utz by phone on August 17, 2011, "Urquidez communicated electronically with attorney Steve Norris, settlement counsel only." Specifically, appellants described an October 18, 2011 email from Urquidez to Norris. Attached to appellants' response was, *inter alia*, an undated affidavit of Norris. Norris stated in part in his affidavit that he "did not serve Defendants as litigation counsel," but "contacted Plaintiff's counsel, Thomas J. Urquidez, on Defendants' behalf to discuss possible settlement of this matter."

At the hearing on appellants' motion for new trial, McKenzie objected to the trial court considering the evidence attached to appellants' reply. McKenzie argued appellants' reply had been filed more than thirty days after the judgment and was therefore untimely and "an absolute nullity." McKenzie's objection was sustained by the trial court.

The trial court took judicial notice of the affidavits attached to appellants' motion for new trial and McKenzie's response. Then, appellants called Urquidez as a witness. Urquidez testified on cross-examination that in 2010, he represented three individuals in cases against Utz for unpaid wages and settlements were reached in each case. Urquidez testified he did not engage in settlement negotiations in the present case and had "never spoken to [Utz] about this case." Additionally, in response to a question pertaining to his negotiation of settlements in prior cases with Utz, Urquidez testified that after obtaining the default judgment in this case, he was contacted by an attorney "calling on behalf of a Mr. Charles Utz, who is Chris' dad." According to Urquidez, that attorney "knew that I'd gotten a default on one of the cases, he knew that I had other pending cases." Urquidez testified the attorney told him "Chris had put the cases in his desk, you know, and did not want to respond to them." Appellants objected to Urquidez's testimony as "nonresponsive." The trial court overruled that objection.

On direct examination, Urquidez testified the default judgment in this case was "entered well before I had any contact with Mr. Norris." Further, Urquidez asked the trial court to admit into evidence two email exchanges between him and Norris, dated October 11, 2011, and October 18, 2011, respectively, for the purpose of showing that "Mr. Utz admitted that he knew of the default being already entered as of October the 11th." On voir dire examination, appellants objected to the proffered emails "on the basis of hearsay." Urquidez responded, "Your Honor, that's a party admission, Your Honor, so it goes against the hearsay rule." The trial court overruled appellants' objection and admitted the proffered emails into evidence. Then, on redirect examination, Urquidez testified, in part, as follows:

> On or about October 11th, I was contacted by Mr. Steve Norris. He told me he was contacting me on behalf of Charles Utz, who is Chris Utz's dad, and Mr. Utz. He said, you know, Chris put these things in a drawer, he didn't want to deal with them.

4

Additionally, Urquidez testified he spoke by phone with Utz on August 17, 2011, but that phone conversation was not in regard to the present case "or any way regarding settlement."

The trial court denied appellants' motion for new trial. Appellants filed a motion to reconsider in which they, *inter alia*, restated their previous arguments respecting their failure to answer. Specifically, appellants contended Utz's October 21, 2011 affidavit demonstrated appellants "were not indifferent to having been sued but were attempting to resolve the situation." Appellants' motion to reconsider was denied by the trial court.[1] Additionally, the trial court denied a request by appellants for findings of fact and conclusion of law. This appeal timely followed.

## II. DENIAL OF MOTION FOR NEW TRIAL

### A. Standard of Review and Applicable Law

"[A] default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)); *see Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012). We review a trial court's refusal to grant a motion for new trial for abuse of discretion. *See, e.g., Dolgencorp*, 288 S.W.3d at 926; *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987). A trial court abuses its discretion if it fails to grant a new trial when all three elements of the *Craddock* test are met. *Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). The defaulting defendant has the

---

[1] The record includes a notice of hearing respecting appellants' motion to reconsider. Further, the trial court's order denying that motion states that it "came to be heard" on the same date it was denied. However, the record contains no transcript of a hearing on appellants' motion to reconsider.

burden of proving all three elements of the *Craddock* test before a trial court is required to grant a motion for new trial. *Scenic Mountain Med. Ctr. v. Castillo*, 162 S.W.3d 587, 590 (Tex. App.—El Paso 2005, no pet.); *Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.).

"Consciously indifferent conduct occurs when 'the defendant knew it was sued but did not care.'" *Sutherland*, 376 S.W.3d at 755 (citing *Fid. & Guar. Ins. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006)). "Generally, 'some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care.'" *Id.* (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006)); *see Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) ("failure to appear is not intentional or due to conscious indifference . . . merely because it is deliberate; it must also be without adequate justification").

In determining whether a failure to appear was due to intentional disregard or conscious indifference, we must look to the knowledge and acts of the defendant. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984). Where the factual allegations in a movant's affidavits are not controverted, it is sufficient that the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein*, 671 S.W.2d at 38–39. However, where the non-movant presents evidence at the new trial hearing tending to show intentional or consciously indifferent conduct, it becomes a question for the trial court to determine. *Freeman*, 79 S.W.3d at 641; *Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex. App.—Corpus Christi 1990, writ denied); *Munson v. State*, 576 S.W.2d 440, 441–42 (Tex. Civ. App.—Austin 1978, writ, ref'd n.r.e.); *see also Evans*, 889 S.W.2d at 269 (to determine if defendant's factual assertions are controverted, trial court looks to all evidence in record). "As

the sole judge of the credibility of the witnesses and the weight to be given to their testimony, the trial court may choose to believe all, none, or part of a witness's testimony." *Stein v. Meachum*, 748 S.W.2d 516, 517 (Tex. App.—Dallas 1988, no writ); *accord Martinez v. Martinez*, 157 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Gilbert v. Brownell Electro*, 832 S.W.2d 143, 144–45 (Tex. App.—Tyler 1992, no writ); *see Rodriguez v. Medders*, No. 10-11-00369-CV, 2012 WL 4862588, at *3 (Tex. App.—Waco Oct. 4, 2012, no pet.) (mem. op.) ("A trial court can reasonably believe, based on contradictory evidence, that there was intentional or consciously indifferent conduct on the part of a defendant.").

## B. Analysis

In their two issues, appellants assert the trial court erred by not granting their motion for new trial or their motion to reconsider. We address appellants' two issues together.

Appellants contend in part that in their motion for new trial, they "demonstrated that their failure to answer was neither intentional nor due to conscious indifference but occurred as a result of Christopher Utz's mistaken belief that the lawsuit would be resolved through settlement negotiations and lack of awareness of the need for an answer." According to appellants, (1) "the Texas Supreme Court has held that affidavits that 'show neither intent nor indifference' are sufficient to satisfy the first prong of the *Craddock* standard" and (2) Utz's October 21, 2011 affidavit demonstrated neither intentional failure to respond nor indifference. Additionally, appellants assert "it would be contrary to reason and to justice to hold that a pro se defendant's mistaken belief that an answer was unnecessary due to the likelihood of settlement based upon a history of settlement in similar cases with the same attorney is insufficient to merit a new trial."

McKenzie responds that appellants' contention that "they allegedly believed that negotiations were ongoing between themselves and [Urquidez]" was "fully rebutted by Appellee McKenzie who showed that there were no 'settlement negotiations.'" Further, McKenzie argues

7

Urquidez "testified that Appellants' counsel at one point contacted him and admitted that Appellants had received the Lawsuit and had chosen to ignore it." According to McKenzie, "[b]ased on such conflicting testimony, the trial court could have easily determined that the Appellants' failure to file an Answer was not the result of 'mistake' but rather more akin to either conscious indifference or intent." Additionally, McKenzie asserts the trial court properly denied appellants' motion to reconsider (1) for the same reasons described above for denying the motion for new trial and (2) alternatively, because the motion to reconsider constituted an amended motion for new trial and, as such, was not timely filed.

We begin with appellants' argument that Utz's October 21, 2011 affidavit was sufficient to satisfy the first prong of *Craddock*. In their reply brief in this Court, appellants contend their "claim of failure to answer due to their mistaken belief that the parties were interested in settling" was "uncontroverted." According to appellants, "[p]erhaps the only controverting evidence offered by Appellee is the hearsay within hearsay testimony of [Urquidez] that [Norris], who was not hired as counsel by Appellants but merely sought to assist Appellants to reach a settlement with Appellee, stated to Urquidez that [Utz] stated to [Norris] that Appellants had ignored the lawsuit." However, appellants contend, "such hearsay within hearsay testimony was inadmissible and should not have been considered by the trial [court]." Specifically, appellants argue for the first time in their appellate reply brief that the trial court's determination that such hearsay testimony was a "party admission," and therefore admissible over appellants' hearsay objection, was in error because there was no evidence before the trial court to support such a determination. Further, appellants argue the affidavit of Norris attached to appellants' reply in the trial court shows that Norris's relationship to appellants was not one that would support a determination as to a party admission. Appellants request in their reply brief that this Court "rule on their objection as to hearsay." However, even assuming without deciding that appellants'

hearsay objection can be construed to relate to Urquidez's testimony about Norris's comments to him, the record does not show appellants objected in the trial court to the trial judge's ruling respecting a "party admission" or addressed that matter in their appellate brief.[2] *See* Tex. R. App. P. 33.1, 38.1. Appellants assert in their reply brief in this Court that they "did not previously raise this error of the trial court" because "the issue was not ripe" until McKenzie "attempted to use such inadmissible testimony in support of his [appellate] Response Brief." However, appellants were required to make their complaint respecting the trial court's "party admission" ruling in a timely manner. *See* Tex. R. App. P. 33.1; *First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329 (Tex. App.—Dallas 2011, pet. denied) (objection is "timely urged" when asserted at either earliest opportunity or when potential error becomes apparent). We conclude appellants' argument respecting the trial court's overruling of their hearsay objection on the ground of a "party admission" presents nothing for this Court's review. *See* Tex. R. App. P. 33.1, 38.1.

The record shows Urquidez testified in his affidavit and at the hearing that he did not speak with Utz about this case or represent to Utz that he was engaging in settlement discussions as to this case. Further, Urquidez testified the default judgment in question was entered "well before" he had any contact with Norris. Additionally, Urquidez testified Norris told him Utz put the cases in a drawer and "didn't want to deal with them." On this record, we cannot agree with appellants that Utz's October 21, 2011 affidavit was uncontroverted. *See Evans*, 889 S.W.2d at 269. Consequently, the issue of whether appellant's conduct was intentional or consciously indifferent was a question for the trial court. *See Freeman*, 79 S.W.3d at 641; *Jackson*, 802 S.W.2d at 50; *Munson*, 576 S.W.2d at 441-42. As the sole judge of the credibility of the

---

[2] Further, the record shows appellants did not object to the trial court's ruling that their reply in the trial court was untimely and they do not challenge that ruling on appeal. *See Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) (untimely amended motion for new trial does not preserve issues for appellate review and is nullity).

witnesses and the weight to be given to their testimony, the trial court could choose to believe all, none, or part of the testimony. *See Stein*, 748 S.W.2d at 517; *Martinez*, 157 S.W.3d at 470; *Gilbert*, 832 S.W.2d at 144-45.

Appellants do not explain how putting cases in a drawer to avoid having to "deal with them" constitutes an accident or mistake, nor do appellants cite authority for that position. We conclude appellants have not satisfied the first *Craddock* element. *See Craddock*, 133 S.W.2d at 126; *Dolgencorp*, 288 S.W.3d at 925; *see also Sutherland*, 376 S.W.3d at 755 ("Consciously indifferent conduct occurs when 'the defendant knew it was sued but did not care.'"). Consequently, the trial court did not abuse its discretion by denying appellants' motion for new trial and their motion to reconsider. *See Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. Co.*, 873 S.W.2d at 382.

We decide against appellants on their first and second issues.

### III. APPELLANTS' MOTION FOR SANCTIONS

In their appellate reply brief, appellants included a motion for sanctions in which they request that this Court "impose reasonable and appropriate sanctions against Urquidez for his violations of the Texas Disciplinary Rules of Professional Conduct and such further sanctions as Court [sic] finds proper for the numerous misrepresentations and fallacious statements throughout Appellee's [appellate brief]."[3] We note that specific sanctions are not requested. Appellants pray for sanctions as this Court "deems proper" or "as Court [sic] finds proper." Specifically, appellants contend Urquidez (1) falsely represented that the trial court found appellants had failed to satisfy the first prong of the *Craddock* standard, when the record shows

---

[3] Additionally, in their reply brief, appellants "object" to McKenzie's appellate brief on the ground that Urquidez "made numerous misrepresentations of fact, law, and precedents to this Court" therein. Appellants request in their reply brief that this Court "take judicial notice" of the lack of specific findings by the trial court and McKenzie's "misconstruction" of the law. In deciding this appeal, this Court has fully considered the record and all relevant law. To the extent appellants request additional "notice," appellants cite no authority for their requests, *see* TEX. R. APP. P. 38.1(i), and such requests are denied.

the trial court gave no reason for its ruling; (2) falsely represented that the meritorious defenses addressed in appellants' brief in this Court were first raised on appeal, when the record shows appellants raised the affirmative defense of improper parties during the hearing on their motion for new trial and argued all of the defenses in question in their motion to reconsider; and (3) failed to disclose to this Court "adverse" aspects of two cases cited in McKenzie's argument pertaining to the third *Craddock* prong.

The only authority cited by appellants as a basis for the generally requested sanctions is one Texas Disciplinary Rule of Professional Conduct that imposes upon counsel the duty of candor toward the court. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (West 2013) (TEX. STATE BAR R. art. X, § 9). That rule provides specifically "[a] lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal" or "fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *Id.* While this Court has the inherent power to sanction attorneys who engage in misconduct before our Court, appellants cite no authority, and we know of none, that empowers a court to impose sanctions based upon alleged violation of the disciplinary rules in this appeal. *See Merrell Dow Pharm, Inc. v. Havner*, 953 S.W.2d 706, 732 (Tex. 1997) (order on reh'g) ("Courts possess inherent power to discipline an attorney's behavior."); *In re City of Lancaster*, 228 S.W.3d 437, 441 (Tex. App.—Dallas 2007, no pet.) (same); *see also Greene v. Young*, 174 S.W.3d 291, 298 n.3 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (disciplinary rules do not appear to operate as source of authority for court to impose sanctions apart from its inherent power to do so); *cf. Nolte v. Flournoy*, 348 S.W.3d 262, 271 (Tex. App.—Texarkana 2011, pet. denied) ("Generally, before sanctions may be imposed

11

against a party or an attorney, notice of the procedural basis for the potential sanctions must be given.").

Even assuming without deciding that appellants' motion can be construed as a request for this Court to exercise its inherent power to impose sanctions, we cannot agree with appellants that the alleged "misrepresentations and fallacious statements" described by appellants warrant such sanctions. First, appellants complain of two statements in McKenzie's appellate brief: (1) "As the trial court ruled, Appellants intentionally or, at the least, by means of their conscious indifference failed to file an answer" and (2) "The trial court evaluated the evidence in this case and made the reasonable determination that there was insufficient evidence to support Appellants' argument that they committed a mistake." Those statements appear in the argument portion of McKenzie's brief. However, the "Statement of Facts" in McKenzie's brief states the trial court denied appellants' motion for new trial because it determined appellants "had failed to satisfy the burden necessary to merit a new trial." Further, the "Summary of the Argument" in McKenzie's brief states that based on the conflicting testimony presented at the hearing, "the trial court *could have* easily determined that the Appellants' failure to file an Answer was not the result of "mistake" but rather more akin to either conscious indifference or intent" and "*would have* thus been acting within their discretionary authority to deny Appellants' Motion for New Trial on this first *Craddock* factor." (emphasis added). On this record, we cannot conclude Urquidez made a misrepresentation or false statement respecting the trial court's ruling. *Cf. Mattox v. Grimes Cnty Comm'rs Court*, 305 S.W.3d 375, 386 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (concluding appellants' motion therein "essentially sought sanctions for their disagreement with the factual and legal assertions made by appellees, which does not warrant sanctions").

Next, we address appellants' contention that Urquidez falsely represented that the meritorious defenses addressed in appellants' brief in this Court were first raised on appeal. Even assuming without deciding that such defenses were properly raised in appellants' motion to reconsider in the trial court, McKenzie's brief includes an argument that appellant's motion to reconsider was not timely filed and the trial court was therefore not obligated to consider that motion. Additionally, appellants' argument in their appellate brief respecting the defense of "improper parties" cites only appellants' motion for new trial and the affidavits of Utz and McKenzie. McKenzie argues in his appellate brief that appellants' motion for new trial and the affidavits cited by them did not properly "set up" any defense. Further, while appellants' reply brief in this Court cites testimony and argument from the hearing that appellants contend pertains to the defense of improper parties, the portions of the record cited by appellants do not specifically address whether any party was "proper" or "improper," but rather address whether there was evidence that McKenzie worked for all of the defendants. On this record, even assuming without deciding that the portions of the record cited by appellants can be construed to raise the defense of improper parties, we cannot conclude Urquidez made a false representation in McKenzie's appellate brief respecting that defense. *See id.*

Finally, we address appellants' argument that Urquidez made a "misleading presentation of case law." The argument section of McKenzie's appellate brief states "in order satisfy [sic] the third *Craddock* prong, delinquent defendants *should* show the trial court that they are 'ready, willing and able to go immediately to trial' and, furthermore, they should offer to reimburse the winning plaintiff for expenses he incurred in obtaining a default judgment." (emphasis added). Among the cases cited in support of that statement are *O'Connell v. O'Connell*, 843 S.W.2d 212, 220 (Tex. App.—Texarkana 1992, no writ), and *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987). According to appellants, "Urquidez deceptively attempts to use [*O'Connell*] to have this

Court require Appellants to show that they were willing, ready, and able to go immediately to trial in order to satisfy the third prong of the *Craddock* standard without disclosing to this Court the relevant, mitigating fact that, in [*O'Connell*], the court was addressing a case involving a post-answer default judgment." However, we cannot conclude the argument in McKenzie's brief that the law in *O'Connell* "should" apply in the case before us is a misrepresentation of the law. *See id.* Additionally, appellants contend "Urquidez attempts to use [*Cliff*] to support his argument that Appellants must demonstrate readiness to go to trial and offer to pay Appellee's expenses in order to satisfy the third prong of the *Craddock* standard, despite the fact that, in the portion cited from that case, the Texas Supreme Court . . . clearly stated that such factors were not a precondition to the granting of a new trial." However, we cannot agree with appellants that by citing *Cliff* in support of an argument as to what appellants "should" do to satisfy the third *Craddock* prong, Urquidez failed to disclose adverse authority.

We deny appellants' motion for sanctions.

## IV. CONCLUSION

We decide against appellants on their two issues. Further, we deny appellants' motion for sanctions. The trial court's judgment is affirmed.

DOUGLAS S. LANG
JUSTICE

111647F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

CHRISTOPHER UTZ; EVANS ENVIRONMENTAL CONTRACTING, LLC; UTZ ENVIRONMENTAL SERVICES OF DALLAS, LLC; AND UTZ ENVIRONMENTAL SERVICES OF AUSTIN, INC., Appellants

No. 05-11-01647-CV     V.

DUFFY MCKENZIE, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-08418.
Opinion delivered by Justice Lang. Justices Moseley and Francis participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

     It is **ORDERED** that appellee Duffy McKenzie recover his costs of this appeal and the full amount of the trial court's judgment from appellants Christopher Utz; Evans Environmental Contracting, LLC; Utz Environmental Services of Dallas, LLC; and Utz Environmental Services of Austin, Inc., and from the sureties on any supersedeas bond.


Judgment entered this 1st day of March, 2013.


DOUGLAS S. LANG
JUSTICE