**REVERSE and REMAND; and Opinion Filed June 17, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00832-CV

**CULINAIRE OF FLORIDA, INC., Appellant**
**V.**
**FELCOR/CSS HOLDINGS, LP, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-01571**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

Appellant, Culinaire of Florida, Inc. (Culinaire), appeals a denial of its motion for new trial by which it sought to set aside a default judgment in favor of appellee, FelCor/CSS Holdings, LP (FelCor). We sustain Culinaire's first issue on appeal and reverse and remand this cause to the trial court for proceedings in accordance with this opinion. As all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

FelCor is the owner of a hotel in Miami, Florida; the hotel is leased and operated by FelCor's subsidiary, DJONT Operations LLC (DJONT). Culinaire and DJONT entered into a restaurant lease agreement (the Agreement) whereby Culinaire subleased premises in FelCor's hotel for the operation of a restaurant. Pursuant to the Agreement, Culinaire agreed to provide food and beverage services throughout the hotel. In section 11.1 of the Agreement, Culinaire agreed to indemnify DJONT for losses related to claims of damage or injury arising from

Culinaire's use of the restaurant or hotel, even where negligence by DJONT was alleged. Section 11.2 of the Agreement provided that except for Culinaire's liability to DJONT pursuant to section 11.1, DJONT agreed to indemnify Culinaire for claims arising from DJONT's use of the hotel, even where negligence of Culinaire was alleged.

During the term of the Agreement, two Culinaire employees allegedly sustained injuries on separate occasions; both incidents allegedly involved a dumpster located on hotel property. Culinaire contends the injured employees were on their breaks, were not performing job duties for Culinaire, and were injured in an area of the hotel that was not maintained, used, or controlled by Culinaire when they were injured. Both employees sued FelCor, FelCor's parent corporation, and a FelCor subsidiary. While FelCor tendered notice of the claims and defense of the suits to Culinaire requesting indemnification pursuant to the Agreement, Culinaire did not defend or indemnify FelCor for either claim.

On February 14, 2014, FelCor filed suit, asserting that Culinaire breached its obligations under the Agreement to indemnify FelCor for damages related to injuries sustained by Culinaire's employees. Although Culinaire was served on February 21, 2014, Culinaire did not answer or otherwise appear. On March 28, 2014, FelCor filed a motion for default judgment, alleging damages in excess of $390,000 to defend and settle the lawsuits filed by Culinaire's employees. The same day, the trial court granted FelCor's motion, signed a final default judgment, and awarded FelCor actual damages in the amount of $390,000, plus $15,714 in attorneys' fees and costs.

Upon notice of the final judgment, Culinaire filed its motion for new trial. Culinaire asserted the judgment was void because FelCor failed to invoke the Agreement's mandatory arbitration provision, FelCor failed to provide competent evidence of its damages, and venue was improper. Culinaire also argued, in the alternative, that the judgment should be set aside because

Culinaire's failure to file an answer was accidental, it had a meritorious defense, and the granting of a new trial would not cause cognizable harm or injury to FelCor. The trial court denied Culinaire's motion. This appeal followed.

In its first issue on appeal, Culinaire argues the trial court erred in denying its motion for new trial because Culinaire satisfied all three elements of the *Craddock* test. More than seventy years ago, the Texas Supreme Court enunciated the standard that courts follow today in reviewing no-answer default judgments. A default judgment should be set aside if the defendant proves: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) a new trial would cause neither delay nor undue prejudice. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). "The defaulting defendant has the burden of proving all three elements of the *Craddock* test before a trial court is required to grant a motion for new trial." *Utz v. McKenzie*, 397 S.W.3d 273, 278 (Tex. App.—Dallas 2013, no pet.). We review a trial court's ruling on a motion for new trial for an abuse of discretion, which occurs when the motion is denied despite all three elements being met. *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009).

Culinaire first asserts that its failure to appear or file an answer was not intentional or the result of conscious indifference, but was the result of a breakdown of communication. We look at Culinaire's knowledge and acts to determine whether Culinaire satisfied its burden as to the first *Craddock* element. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012). A defendant is consciously indifferent where it "knew it was sued but did not care." *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). A defendant satisfies its burden under this element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *Id.*

Generally, "some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam).

Culinaire's motion for new trial was accompanied by affidavits from Charles LaFrano, its Chief Financial Officer; David Radakovich, account executive for HUB International, the insurance agency that handles Culinaire's property and casualty insurance; and Michael Lawrence, the attorney hired by Liberty Mutual Insurance Company to represent Culinaire in the anticipated litigation with FelCor. The affidavits collectively stated the following: (1) on February 14, 2014, LaFrano received an unfiled courtesy copy of FelCor's petition; (2) LaFrano forwarded the courtesy copy to Radakovich at HUB International; (3) Radakovich forwarded the courtesy copy of FelCor's petition to Liberty Mutual Insurance Company, Culinaire's insurer; (4) on February 21, 2014, Liberty Mutual informed Radakovich that it would assign Texas counsel to represent Culinaire; (5) also on February 21, 2014, LaFrano received the original petition and citation from Culinaire's registered agent, and scanned the documents to his computer; (6) LaFrano's normal procedure is to scan the documents to his computer and forward them to Radakovich at HUB; (7) LaFrano does not know why HUB did not receive the documents this time—either he forgot to forward the scanned petition and citation to HUB or he sent them and HUB did not receive them, LaFrano is not sure; (8) on February 25, 2014, Liberty Mutual retained Michael Lawrence, an attorney with the law firm of Gallerson & Yates, to represent Culinaire and provided him with the unfiled courtesy copy of FelCor's petition; (9) in subsequent weeks, LaFrano spoke with Radakovich about the lawsuit. LaFrano averred that he had the mistaken belief that Radakovich had in fact received a copy of the original petition and citation and had forwarded it to Liberty Mutual. Radakovich averred that he had the mistaken belief that if the lawsuit had been filed and if Culinaire had been served, an answer would be

filed for Culinaire by counsel provided by Liberty Mutual; (10) on March 18, 2014, Liberty Mutual informed Radakovich that Gallerson & Yates had been retained to represent Culinaire; (11) on March 31, 2014, LaFrano received a copy of the final judgment; and (12) on April 1, 2014, Lawrence learned that FelCor had obtained a default judgment against Culinaire.

Although FelCor filed a response to Culinaire's motion for new trial, FelCor did not file any counter-affidavits.

Texas courts have often set aside default judgments when papers were misplaced, though no one knew precisely how. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 575 (Tex. 2006) (per curiam) (excuse sufficient when uncontroverted affidavits detailed company's efforts to establish a system to avoid precisely what happened—suit documents were lost or misplaced); *see Sutherland*, 376 S.W.3d at 755 (uncontroverted excuse that citation left in a stack of papers on a desk and forgotten because of limited time spent in the office due to weather conditions over a three-week period during the Christmas holiday season sufficient to satisfy first element of *Craddock*); *Old Republic Ins. Co. v. Scott,* 873 S.W.2d 381, 382 (Tex. 1994) (default reversed when investigator averred that she believed suit papers were inadvertently included among files transferred to another adjustment company); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984) (failure to answer not the result of intentional act or conscious indifference when defendant presented uncontroverted evidence of breakdown in communication as to who was mailing lawsuit documents to attorney).

Here, Culinaire's affidavits detailed the company's normal procedures for handling lawsuits and its efforts to prepare for a possible lawsuit with FelCor, including notifying its insurer so that defense counsel could be hired to represent Culinaire in the event FelCor's lawsuit was filed. LaFrano thought he followed company procedure in forwarding lawsuit documents to Culinaire's insurance agent, but he mistakenly failed to do so or his efforts failed for unknown

reasons. This is not the consciously indifferent conduct of a defendant that knew it was sued but did not care. *Sutherland*, 376 S.W.3d at 755. Furthermore, Culinaire's assertions were not controverted by FelCor. *Id.* Accordingly, we conclude the evidence shows that Culinaire's failure to answer was neither intentional nor the result of consciously indifferent conduct, and Culinaire provided a sufficient excuse to satisfy the first element of the *Craddock* test.

The second element of the *Craddock* test requires Culinaire to "set up" a meritorious defense in its motion for new trial. *Dolgencorp*, 288 S.W.3d at 927. A movant must do more than merely assert it has a meritorious defense; however, it need not prove the defense in order to meet the second *Craddock* element. *Id.* at 928. Instead, "the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id.* Once these requirements are met, controverting evidence offered by the nonmovant should not be considered. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

In its motion for new trial, Culinaire alleged that it did not breach the Agreement with FelCor because it did not have a contractual duty to indemnify FelCor for FelCor's failure to properly maintain the hotel property, including the hotel dumpster gate. Culinaire alleged that Perez and Jimenez were injured in separate incidents, while they were on break, and while they were walking past a large metal/wood gate that enclosed the garbage area outside the hotel. In both cases, the dumpster gate fell over onto the employees, causing their injuries. Culinaire alleged that Perez and Jimenez were not injured while they were performing any job duties for Culinaire. Culinaire's motion argued that the proper interpretation of the parties' Agreement was that FelCor was responsible for the maintenance and repair of the hotel dumpster gate, and that injuries to Culinaire employees while on break walking past a defective dumpster gate that

suddenly falls on them are not within the scope of Culinaire occupying and operating the restaurant at the hotel. Culinaire supported its allegations and arguments with the affidavit of LaFrano and incident reports regarding the injuries to Perez and Jimenez.

Culinaire was not required to conclusively prove the defense being raised. *Anderson v. Anderson*, 282 S.W.3d 150, 155 (Tex. App.—El Paso 2009, no pet.). Instead, the true test is whether Culinaire's defense, if true, could cause a different result on retrial of the case. *L'Arte De La Mode, Inc. v. Neiman Marcus Group*, 395 S.W.3d 291, 296 (Tex. App.—Dallas 2013, no pet.). Culinaire and FelCor dispute how the Agreement's indemnification provisions should be interpreted. In its appellate brief, Culinaire suggests that to the extent its construction is not the only reasonable interpretation of the indemnity provisions, the provisions are ambiguous. A contract is ambiguous if it is reasonably susceptible to more than one meaning. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Whether a contractual provision is ambiguous is a question of law for the court. *Id*. at 394. In *Stucki v. Medrec, Inc*., No. 04-95-00516-CV, 1996 WL 626287, at \*2 (Tex. App.—San Antonio Oct. 30, 1996, no writ) (not designated for publication), Stucki appealed the trial court's denial of his motion for a new trial following a default judgment taken against him by Medrec. Stucki and Medrec argued differing interpretations of the contract between the parties. *Id*. The San Antonio Court of Appeals stated it would not decide whether the contract provision at issue was ambiguous. Instead, the Court held that because the provision did not unambiguously support Medrec's interpretation, Stucki had "set up" a meritorious defense to Medrec's action. *Id*.

In *Ferguson & Co. v. Roll*, 776 S.W.2d 692 (Tex. App.—Dallas 1989, no writ), Roll filed suit against Ferguson for breach of an agreement to compensate Roll for services he had performed in recruiting a job candidate later hired by Ferguson. Ferguson did not file an answer and a default judgment was entered against it. In its motion for new trial, Ferguson asserted it

had the following meritorious defenses: (1) it denied the agreement existed, (2) if it did exist, the candidate was not hired pursuant to the agreement, and (3) Ferguson never agreed to pay Roll a percentage of the employee's first year of compensation as a fee. *Ferguson*, 776 S.W.2d at 698–99. Our Court concluded that because Ferguson put the terms of the contract in issue, both as to liability and as to damages, Ferguson successfully met the meritorious defense requirement of *Craddock*. *Id*. at 699.

Here, Culinaire's motion alleged facts, supported by LaFrano's affidavit and other evidence, that put the terms of the Agreement in issue. *See Dolgencorp*, 288 S.W.3d at 928. Culinaire claimed that it did not breach the Agreement and that it did not have a contractual duty to indemnify FelCor. FelCor sought to discount the evidence and argument used to support this defense; however, the trial court was not permitted to consider contradictory evidence. *Ivy*, 407 S.W.2d at 214. It is not necessary that we decide whether the provisions at issue in this case are ambiguous. *See Stucki*, 1996 WL 626287, at *2. Instead, being mindful that Culinaire was not required to prove its defense, we conclude that because the indemnification provisions in the Agreement did not unambiguously support FelCor's interpretation, Culinaire "set up" a meritorious defense to FelCor's action. *Id*.

The purpose of the third element of the *Craddock* test is to protect a plaintiff against undue delay or injury that would result in a disadvantage when presenting the merits of its case at a new trial, such as the loss of a witness or other critical evidence. *See Dolgencorp*, 288 S.W.3d at 929; *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994). "Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff." *Evans*, 889 S.W.2d at 270. Culinaire asserted that granting a new trial would not delay or otherwise injure FelCor because Culinaire offered to go to trial immediately and to reimburse FelCor's reasonable

expenses incurred in obtaining the default judgment. The burden was thereby shifted to FelCor to disprove this assertion. *Id.* In its response to Culinaire's motion for new trial, FelCor merely stated that it would "suffer undue harm by being required to incur legal costs in prosecuting its claim when Defendant has no valid defense under the law." But FelCor did not allege a specific injury, such as the loss of witnesses or valuable evidence. We conclude FelCor did not prove that the granting of a new trial would cause such harm or injury as to preclude the granting of a new trial. *See Dolgencorp*, 288 S.W.3d at 929. Thus, Culinaire satisfied its burden with respect to the third element of the *Craddock* test.

Because Culinaire's motion for new trial satisfied all three elements of the *Craddock* test, Culinaire is entitled to a new trial. In light of our conclusion regarding this issue, we need not address Culinaire's remaining issue. *See* TEX. R. APP. P. 47.1; *see also Titan Indem. Co. v. Old South Ins. Grp., Inc.*, 221 S.W.3d 703, 712 (Tex. App.—San Antonio 2006, no pet.). We reverse the default judgment and remand the cause to the trial court for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

140832F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CULINAIRE OF FLORIDA, INC.,
Appellant

No. 05-14-00832-CV      V.

FELCOR/CSS HOLDINGS, LP, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-01571.
Opinion delivered by Justice Schenck.
Justices Lang and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant CULINAIRE OF FLORIDA, INC. recover its costs of this appeal from appellee FELCOR/CSS HOLDINGS, LP.

Judgment entered this 17th day of June, 2015.