**REVERSE and REMAND; and Opinion Filed July 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00832-CV

**INTRAS, LLC, Appellant**
**V.**
**CORE 3 TECHNOLOGIES, LLC, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00516-2017**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Intras, LLC ("Intras") appeals from the trial court's grant of a default judgment in favor of

Core 3 Technologies, LLC ("Core 3"). In its first four issues, Intras challenges the sufficiency of

Core 3's pleadings and the evidence of damages. In its fifth issue, Intras urges the trial court erred

in awarding Core 3 its attorney's fees. In its sixth and final issue, Intras argues the trial court erred

in failing to grant its motion for new trial. We reverse the trial court's judgment and remand the

cause to the trial court for proceedings in accordance with this opinion. Because all issues are

settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

In 2014, Intras agreed to purchase equipment from Core 3. On February 2, 2017, Core 3

filed suit against Intras, asserting claims for breach of contract and quantum meruit. In its petition,

Core 3 alleged that it provided services and equipment to Intras, for which Intras failed to pay.

Core 3 sought a default judgment against Intras, which the trial court granted. Intras filed a motion for new trial, in which it urged that its failure to answer was not intentional, but accidental because it relied on statements from Core 3's representative that Core 3 would provide reasonable notice to Intras before proceeding with any actions in the lawsuit. Attached to the motion for new trial was a declaration from Intras's representative, which detailed those statements from Core 3's representative and stated that Core 3 failed to provide any notice to anyone at Intras that Core 3 would proceed with the lawsuit or file any motion for default judgment. After conducting a hearing on the motion for new trial, the trial court denied the motion. This appeal followed.

## MOTION FOR NEW TRIAL

In its sixth issue on appeal, Intras argues the trial court erred in denying its motion for new trial because Intras satisfied all three elements of the *Craddock* test. A default judgment should be set aside if the defendant proves: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) a new trial would cause neither delay nor undue prejudice. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The defaulting defendant has the burden of proving all three elements of the *Craddock* test before a trial court is required to grant a motion for new trial. *Utz v. McKenzie,* 397 S.W.3d 273, 278 (Tex. App.—Dallas 2013, no pet.). We review a trial court's ruling on a motion for new trial for an abuse of discretion, which occurs when the motion is denied despite all three elements being met. *Dolgencorp of Texas, Inc. v. Lerma,* 288 S.W.3d 922, 926 (Tex. 2009).

To satisfy the first *Craddock* element, a defendant must establish the failure to appear was not the result of conscious indifference. *McLeod v. Gyr*, 439 S.W.3d 639, 655 (Tex. App.—Dallas 2014). A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. *Id.* Proof

–2–

of such justification—accident, mistake, or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied. *Id.* Conscious indifference equates to something more than mere negligence. *See id.* A defendant must offer some excuse, which need not necessarily be a good excuse. *Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006).

Here, Intras provided an uncontroverted explanation for its failure to answer in its motion for new trial and attached supporting declaration. In the supporting declaration, Intras's representative, Kareem Merritt, testified that after learning of the instant lawsuit, he contacted the representative at Core 3, Christopher Bergen, to try to resolve the matter.

> During those discussions, Christopher Bergen represented to me that Core 3 would continue to work only on trying to resolve our dispute until it appeared that further negotiations were no longer productive, and at that point would give Intras reasonable notice before proceeding with any actions in the lawsuit.
>
> Core 3 did not provide any notice to me or anyone else at Intras that Core 3 intended to proceed with the lawsuit or file any motion for default judgment.

The declaration here shows neither intent nor conscious indifference. At worst, it evinces mere negligence; there is nothing to indicate that Intras intentionally chose not to answer the suit. *See Hampton-Vaughan Funeral Home v. Briscoe*, 327 S.W.3d 743, 748 (Tex. App.—Fort Worth 2010, no pet.) (holding defendant's failure to answer akin to mere negligence where defendant's attorney claimed he did not answer suit because he thought parties were going to meet and discuss settlement). Core 3 did not respond to the motion for new trial or appear at the hearing on the motion for new trial. Therefore, Intras's evidence is uncontroverted. *See Fid. & Guar. Ins.*, 186 S.W.3d at 576 (where plaintiff did not controvert defendant's proof, trial court not at liberty to disregard it). We conclude Intras satisfied the first element of the *Craddock* test.

The second element of the *Craddock* test requires Intras to set up a meritorious defense in its motion for new trial. *Craddock*, 133 S.W.2d at 126. A movant must do more than merely

assert it has a meritorious defense; however, it need not prove the defense in order to meet the second *Craddock* element. *Dolgencorp,* 288 S.W.3d at 928. Instead, the motion sets up a meritorious defense if it alleges facts that in law would, if credited by a fact finder, constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id.*

In its motion for new trial, Intras alleged that it did not breach any contract with Core 3 because Intras was not responsible for paying for goods or services that were defective, did not have the qualities and characteristics that were essential to the order of those goods or services, and provided no value to Intras or Intras's customer. In the supporting declaration[1] attached to the motion, Mr. Merritt described that in placing an order with Core 3, Intras relied on Core 3's representation that Core 3 was a distributor of new Cisco hardware to be delivered to one of Intras's client hotels. The declaration also stated that Intras had informed Core 3 that it was "essential" that the hardware be manufactured in the United States, that only hardware manufactured in the United States had any value to Intras, and that Core 3 represented that it would provide hardware that was manufactured in the United States. Mr. Merritt's declaration went on to describe how Core 3 provided hardware manufactured in China, which caused Intras to have to pay to replace the hardware provided by Core 3 and caused the client hotel to "no longer do business with Intras due to the negative experience involving the foreign-manufactured Cisco [adaptive security appliances] provided by Core 3."

Intras's motion for new trial and supporting evidence set up a defense that Core 3 materially breached their agreement such that Intras was excused from payment. It is a fundamental principle

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (providing unsworn declaration may be used in lieu of a written sworn, declaration or affidavit required by statute or required by a rule, order or requirement adopted as provided by law). Mr. Merritt's declaration was in writing and subscribed as true and correct under penalty of perjury and therefore substantially complied with section 132.001. *See Beonney v. U.S. Bank Nat'l Assoc.*, No. 05-15-01057-CV, 2016 WL 3902607, at *3 (Tex. App.—Dallas July 14, 2016, no pet.) (mem. op.) (holding main requirements under section 132.001 are that declaration be in writing and subscribed by declarant as true under penalty of perjury).

of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance. *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017). Further, the contention that a party to a contract is excused from performance because of a prior material breach by the other contracting party is an affirmative defense. *See Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 646 (Tex. App.—Dallas 2015, no pet.). Accordingly, we conclude Intras satisfied the second element of the *Craddock* test.

The purpose of the third element of the *Craddock* test is to protect a plaintiff against undue delay or injury that would result in a disadvantage when presenting the merits of its case at a new trial, such as the loss of a witness or other critical evidence. *See Dolgencorp*, 288 S.W.3d at 929. Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of proof of cognizable injury shifts to the plaintiff. *See id.* In its motion for new trial, Intras asserted that granting a new trial would not cause delay or otherwise injure Core 3 because Intras was ready for trial and willing to reimburse Core 3 for all reasonable expenses incurred in obtaining the default judgment. The burden to disprove this assertion was thereby shifted to Core 3. *See Dolgencorp*, 288 S.W.3d at 929. As noted, Core 3 did not respond to Intras's motion for new trial, nor did Core 3 appear at the hearing on the motion for new trial or otherwise prove, much less allege, any actual and material prejudice that would result from setting aside the default. We conclude Core 3 did not prove that the granting of a new trial would cause any harm or injury as to preclude the granting of a new trial. *See id.* Thus, Intras satisfied its burden with respect to the third element of the *Craddock* test.

Because Intras's motion for new trial satisfied all three elements of the *Craddock* test, Intras is entitled to a new trial. We sustain Intras's sixth issue. In light of our conclusion regarding this issue, we need not address Intras's remaining issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the default judgment for Core 3 and remand the case to the trial court for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170832F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

INTRAS, LLC, Appellant

No. 05-17-00832-CV     V.

CORE 3 TECHNOLOGIES, LLC,
Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-00516-2017.
Opinion delivered by Justice Schenck,
Justices Lang-Miers and Evans
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant INTRAS, LLC recover its costs of this appeal from appellee CORE 3 TECHNOLOGIES, LLC.

Judgment entered this 12th day of July, 2018.