

## NUMBER 13-20-00372-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

LIDIA ELIZARDI A/K/A LIDIA E. MARTINEZ,　　　　　　　　Appellant,

v.

ONE LAST CAST, LLC, ERIC WILLIAMS,
AND FERNANDO BENAVIDEZ,　　　　　　　　　　　　　　Appellees.

### On appeal from the 197th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

In this appeal from the granting of a post-answer default judgment in favor of

appellees One Last Cast, LLC, Eric Williams, and Fernando Benavidez (collectively, Last

Cast), appellant Lidia Elizardi a/k/a Lidia E. Martinez (Lidia) contends that she is entitled

to a new trial because the trial court denied her motion to substitute counsel and later proceeded with trial after she and her counsel failed to appear. We affirm.

## I. BACKGROUND

On January 30, 2020, Last Cast filed suit against Lidia, alleging that it purchased certain commercial property at a sheriff's sale and that Lidia, the former owner of the property, was "entering the property and demanding rent from tenants." Last Cast brought claims for trespass and tortious interference with contractual or business relations and requested injunctive relief.

The trial court issued a temporary restraining order and set a temporary injunction hearing. Lidia filed an original answer and counterclaims against Last Cast. Her attorney of record, Juan Angel Guerra, appeared on her behalf at the temporary injunction hearing where the parties agreed to extend the temporary restraining order until trial, which was set for June 3, 2020.

On June 2, 2020, Lidia filed a motion to substitute counsel, requesting to substitute Rene Gomez for Guerra as her attorney of record. Gomez contemporaneously filed an unverified motion for continuance, explaining that he had "just been retained" by Lidia and requesting a ninety-day continuance of the trial setting.

When the case was called on June 3 via Zoom, Gomez appeared on behalf of Lidia to urge the two motions. Guerra did not appear. When the trial court asked Gomez whether Guerra had signed the motion to substitute, Gomez offered the following response:

> No, Judge. That's the difficulty I've been having. But the client did sign it. The client has been having trouble with him, and that's why our motion to

2

get in and the motion for continuance is set up, because she has been, you know, not—she's just had problems dealing with him, hasn't been able to meet with him. Maybe—maybe—it's right in the middle of this pandemic, so—so that's the big issue that she's had.

The trial court then asked opposing counsel whether he had any objections to the substitution and "giving [Gomez] a little bit of time to discuss these matters with [him.]" Opposing counsel objected to both motions, citing the protracted procedural history of the underlying foreclosure and the fact that the motions were filed on the eve of trial. The trial court then made the following ruling from the bench:

> All right. Well, and given your circumstances, and given everything, Mr. Gomez's position—what I'm going to require, Mr. Gomez, is that—I'm going to reset it for next week. I'm going to reset it for Tuesday. I'm not going to put you—Mr. McCullough is correct. Mr. McCullough has been in my court, I don't know how many times in the past, on this matter. And it's no fault of yours, Mr. Gomez. I understand. But there's been one issue after another. This has been around for a while. I'm going to give you until Tuesday to get Mr. Guerra to sign the substitution. And if he does, then we'll substitute you in. And we're intending—I'm intending to finish this off on Tuesday. If you can't get Mr. Guerra to sign off on it, then I'm going to deny the substitution at this point in time, if we don't have Mr. Guerra present. And I'm telling you that I'm going to still handle it Tuesday. And so I'm not trying to put you in a tight spot. I'm giving you a few days to deal with it. But, man, this has been kicked around, as Mr. McCullough said—and he's right—quite a few times.

The trial court then informed the parties that the trial would be held the following Tuesday, June 9, at 10:00 a.m., and Gomez confirmed, "10 o'clock."

When the case was called for trial on June 9, only Last Cast appeared; Lidia did not appear, Guerra did not appear, and Gomez did not appear. There were no pending motions at the time; Lidia did not seek another continuance or re-urge her motion to substitute counsel before the final setting. After a trial to the bench, the trial court granted all relief sought by Last Cast and denied all relief sought by Lidia.

3

On June 18, 2020, the trial court signed a judgment permanently enjoining Lidia from interfering with Last Cast's use and possession of the property. Six days later, Gomez filed a request for findings of fact and conclusions of law on behalf of Lidia—but not a motion for new trial. The trial court entered findings of fact and conclusions of law, none of which are pertinent to this appeal. This appeal ensued.

## II.   ANALYSIS

By her first issue, Lidia contends that the trial court denied her the right to choose counsel and abused its discretion when it placed an unreasonable condition upon her ability to substitute counsel. By her second issue, Lidia argues that the trial court "erred by allowing [her] case to proceed to final hearing on June 9, 2020, without her presence or her choice of counsel [because she] had no knowledge of the June 9, 2020 hearing [and] did not get notice of the hearing from [Guerra], her attorney of record[,] or from the court." In other words, Lidia asks us to set aside a post-answer default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam) ("A post-answer default judgment occurs when a defendant who has answered fails to appear for trial." (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979))).

The trial court stated that it would permit Lidia to substitute her counsel on the condition that the substituted counsel sign the motion before Tuesday, June 9, 2020. Lidia argues that this condition was inconsistent with Texas Rule of Civil Procedure 10, and therefore, the trial court abused its discretion. *See* TEX. R. CIV. P. 10. Even if that were true, Lidia cannot satisfy the *Craddock* test for setting aside the default judgment because there is no evidence in the record explaining her failure to appear at trial on June 9. *See*

4

*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Moreover, by failing to file a motion for new trial, Lidia has waived the issue on appeal. *See* TEX. R. CIV. P. 324(b)(1); *see also* TEX. R. APP. P. 33.1(a)(1).

The well-known *Craddock* test is the standard for setting aside both no-answer and post-answer default judgments. *Lerma*, 288 S.W.3d at 925. Under the test, a default judgment should be vacated and a new trial granted only when the defaulting party establishes: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) a meritorious defense; and (3) granting a new trial will occasion no delay or otherwise injure the party who obtained the default judgment. *Id.* at 926. It is the defaulting party's burden to prove each element of the test. *Utz v. McKenzie*, 397 S.W.3d 273, 278 (Tex. App.—Dallas 2013, no pet.) (citing *Scenic Mountain Med. Ctr. v. Castillo*, 162 S.W.3d 587, 590 (Tex. App.—El Paso 2005, no pet.); *Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.)). If the defaulting party demonstrates that they did not receive notice of the trial setting, then they are relieved from proving the other *Craddock* elements. *In re Runberg*, 159 S.W.3d 194, 200 (Tex. App.—Amarillo 2005, no pet.); *see also Lopez v. Balderrama*, No. 13-15-00098-CV, 2016 WL 1274403, at *2 (Tex. App.—Corpus Christi–Edinburg, Mar. 31, 2016, no pet.) (mem. op.).

Here, Lidia alleges in her brief that she failed to appear at trial because she "did not get notice of the hearing" from Guerra or the trial court. But there is no sworn statement or other evidence in the record establishing her factual assertion. *See, e.g.*, *Mathis v. Lockwood*, 166 S.W.3d 743, 744, 746 (Tex. 2005) (per curiam) (holding

defendant satisfied first element of *Craddock* test where "[h]er sworn motion for new trial asserted that she failed to appear at the December 13th trial because she never received notice of the setting"); *see also* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) ("We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed." (citing *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979))). Based on the limited record before us, we are left to speculate about why Lidia failed to appear. *See Fid. & Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam) (noting that the critical question in any default judgment inquiry is: "Why did the defendant not appear?").

But Lidia's failure to develop a record in the trial court is just a symptom of the underlying problem—by failing to ask the trial court for a new trial, Lidia waived the issue on appeal. "Our system is founded upon a belief that trial courts should first be given the opportunity to consider and weigh factual evidence." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004) (quoting *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex.1991)). When, as here, evidence must be heard to set aside a default judgment, the defendant cannot raise the issue for the first time on appeal. *See* TEX. R. CIV. P. 324(b)(1). Rather, "[t]he appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial . . . filed in the trial court." *Alexander*, 134 S.W.3d at 849 (quoting *Falcon Ridge*, 811 S.W.2d at

6

944). This permits the trial court, for example, to "test the motion for new trial and the accompanying affidavits against the requirements of *Craddock.*" *Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984)). Plainly, we cannot say the trial court abused its discretion if Lidia never asked the court to exercise its discretion in the first instance.[1] *Cf. Cliff v. Huggins*, 724 S.W.2d 778, (Tex. 1987) ("A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion." (citing *Prewitt*, 671 S.W.2d at 38)).

Notably, having filed a request for findings of fact and conclusions of law only six days after the judgment was signed, Lidia clearly had notice of the default judgment and an opportunity to file a timely motion for new trial. *See* Tex. R. Civ. P. 329b(a) (establishing a thirty-day deadline to file a motion for new trial from the date the judgment is signed). Accordingly, under the circumstances of this case, Lidia has waived her right to complain on appeal that the default judgment should be set aside. *See* Tex. R. Civ. P. 324(b)(1); *see also* Tex. R. App. P. 33.1(a)(1); *Charles v. Crown Asset Mgmt., LLC*, No. 05-18-01139-CV, 2019 WL 6317867, at *2 (Tex. App.—Dallas, Nov. 26, 2019, no pet.) (mem. op.); *Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.).

---

[1] To the extent that Lidia suggests that the trial court should have sua sponte continued the trial when she failed to appear, we disagree. *See* Tex. R. Civ. P. 251 (providing that a continuance shall not "be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law").

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
24th day of February, 2022.